IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT E. TAYLOR,<br><br>        **Plaintiff,**<br><br>    v.<br><br>FRIEND FAMILY HEALTH CENTER, INC.,<br><br>        **Defendant.** | No.  07 CV 6558<br><br>Judge John W. Darrah<br><br>Magistrate Judge Morton Denlow |

### DEFENDANT FRIEND FAMILY HEALTH CENTER, INC.'S ANSWER TO PLAINTIFF ROBERT E. TAYLOR'S COMPLAINT

Now comes, FRIEND FAMILY HEALTH CENTER, INC. (hereinafter "Defendant"), by and through its attorneys, LITTLER MENDELSON, P.C., and for its Answer to Plaintiff Robert E. Taylor's Complaint, states as follows:

    1.    This is an action for employment discrimination.

**ANSWER**:    Defendant admits that Plaintiff Robert E. Taylor (hereinafter "Plaintiff") purports to bring an action for employment discrimination.

    2.    The plaintiff is  Robert E. Taylor of the county of Cook in the state of Illinois.

**ANSWER**:    On information and belief, Defendant admits Paragraph 2.

    3.     The defendant is Friend Family Health Center, Inc., whose street address is 500 E. 55th Street, Chicago, Cook, Illinois 60615.

**ANSWER**:    Defendant admits that Plaintiff has named Friend Family Health Center, Inc. as the defendant in this action.  Defendant admits that it maintains a facility at 800 East 55th Street in Chicago, Illinois, 60615 within Cook County.   Defendant denies any remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     The plaintiff sought employment or was employed by the defendant at 500 E. 55th Street, Chicago, Cook, Illinois 60615.

**ANSWER**:    Defendant admits that Plaintiff sought employment with and was employed by Defendant at its facility located at 800 East 55th Street in Chicago, Illinois 60615 within Cook County.  Defendant denies any remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     The plaintiff was employed but is no longer employed by the defendant.

**ANSWER**:    Defendant admits Paragraph 5.

6.     The defendant discriminated against the plaintiff on or about, or beginning on or about, March 3, 2004.

**ANSWER**:    Defendant denies Paragraph 6.

7.     (a)  The defendant is not a federal governmental agency, and the plaintiff has not filed a charge or charges against the defendant asserting acts of discrimination indicated in this complaint with any of the following government agencies:

>    (i)  the United States Equal Employment Opportunity Commission, on or about September 3, 2004;

>    (ii) the Illinois Department of Human Rights, on or about March 30, 2004.

(b)  If charges were filed with an agency indicated above, a copy of the charge is attached.  Yes.  It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received.  The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER**:    Defendant admits that it is not a federal government agency.  Defendant believes that Plaintiff made a misstatement in his Complaint.  Defendant believes that Plaintiff meant to state in his Complaint that he "has" (rather than "has not") filed charges of discrimination against the Defendant.  Defendant admits that Plaintiff filed charges of discrimination against the Defendant with the United States Equal Employment Opportunity Commission and the Illinois Department of Human Rights, on or about September 3, 2004.  Defendant admits that copies of

the charges were attached to Plaintiff's Complaint. Defendant denies any remaining allegations in Paragraph 7.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on August 23, 2007, a copy of which *Notice* is attached to this Complaint.

**ANSWER**:   On information and belief, Defendant admits Paragraph 8.

9. The defendant discriminated against the plaintiff because of the plaintiff's sex.

**ANSWER**:   Defendant denies Paragraph 9.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER**:   Defendant states that it is not a state, county, municipal (city, town or village) or other local government agency.

11. Jurisdiction over the statutory violation alleged is conferred as follows: Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. § 1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER**:   Defendant admits that this Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3). Defendant denies the remaining allegations in Paragraph 11.

12. The defendant:

    (b) terminated the plaintiff's employment;

    (f) failed to stop harassment;

    (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above; and

    (h) numerous retaliation activities, including withholding wages, bonus payments, expense reimbursements, libel and slander statements to generate public and potential employers seeking references and

confirmation of employment causing economic hardships.

**ANSWER**:    Defendant denies the allegations in Paragraph 12.

13.    The facts supporting the plaintiff's claim of discrimination are as follows: A female employee filed sexual harassment charges against company's board chairman.  The chairman told me he would seek my termination as his only defense against the charges, if I did not "make" the charges disappear.

**ANSWER**:    Defendant admits that a former female employee of Defendant made a statement alleging that Defendant's board chairman sexually harassed her, but Defendant denies that any harassment occurred.  Defendant denies any remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

16.[1]    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff:

    (b)    Direct the defendant to re-employ the plaintiff;

    (f)    Direct the defendant to pay compensatory and punitive damages, discontinue libel and slander activities, and inform those whom they spoke to of Title VII violation;

    (g)    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and

    (h)    Grant such other relief as the Court may find appropriate.

**ANSWER**:    Defendant recognizes that the above-captioned Paragraph is a request for relief.  Defendant denies that Plaintiff is entitled to any such relief, and denies each and every allegation contained in the above-captioned request for relief.

---

[1] Plaintiff used a standard Complaint of Employment Discrimination form offered by the United States District Court for the Northern District of Illinois, Eastern Division.  As such, Paragraph 14 of Plaintiff's Complaint includes a paragraph specifically for age discrimination actions.  Paragraph 14 states the following: "[AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff." Plaintiff does not allege age discrimination anywhere in his Complaint.  Therefore, Paragraph 14 has been omitted based on relevance.  Also, Paragraph 15 has been excluded because Plaintiff neglected to check the appropriate box.  Paragraph 15 asks whether Plaintiff would like to demand a trial by jury, yes or no.  Plaintiff made no jury demand.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable statute of limitations for the filing of a Complaint or charge of discrimination; or (b) for alleged incidents of discrimination not listed in his Complaint or charge of discrimination; or (c) against parties not named in the Complaint or charge of discrimination, Plaintiff may not recover any relief for such incidents of alleged discrimination or against unnamed parties.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate his damages as required by law.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust his administrative remedies, him claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Plaintiff from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Any action taken by Defendant was based on legitimate and nondiscriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, or preemption.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and did not act with malice or reckless indifference to Plaintiff's protected rights.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant or to otherwise avoid harm.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because to the extent that Plaintiff did not avail himself of preventive and corrective opportunities, Defendant fulfilled its obligation to prevent and correct any wrongdoing.

## TENTH AFFIRMATIVE DEFENSE

Any allegation not expressly admitted is denied.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its Answer to raise any additional defenses that may become available during the discovery process.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's relief, if any, under Title VII of the Civil Rights Act of 1964 is limited by the after-acquired evidence doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's relief, if any, under Title VII of the Civil Rights Act of 1964 is limited under 42 U.S.C. § 1981(a).

**WHEREFORE**, Friend Family Health Center denies that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submits that the entire Complaint should be dismissed in its entirety on the merits.

Respectfully submitted,

By: /s/Michael A. Wilder
Michael A. Wilder (#6291053)

Paul E. Bateman (#6188371)
Michael A. Wilder (#6291053)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL 60601
312.372.5520

Dated: January 14, 2008

## CERTIFICATE OF SERVICE

I, **Michael A. Wilder**, an attorney, hereby certify that a copy of the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** was filed via ECF (electronic court filing), and served on the individual below via U.S. Mail before 5 p.m. on **January 14, 2008**:

**Robert E. Taylor**
**8022 South Sacramento Avenue**
**Chicago, IL  60652**
**(773) 925-1033**

/s/Michael A. Wilder
Michael A. Wilder

Firmwide:83996088.1 038220.1008