IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. TAYLOR,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**FRIEND FAMILY HEALTH CENTER, INC.,** a corporation, and<br><br>**REV. HENRY BARLOW,**<br>an individual,<br>　　　　　**Defendants.** | No.  07 CV 6558<br><br>**Judge John W. Darrah**<br><br>**Magistrate Judge Morton Denlow** |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants, Friend Family Health Center, Inc. (hereinafter "Friend Family") and Reverend Henry Barlow (hereinafter "Reverend Barlow"), by and through their attorneys, Littler Mendelson, P.C., submit their Memorandum of Law in Support of their Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, Counts II and III of Plaintiff Robert Taylor's (hereinafter "Plaintiff") Amended Complaint should be dismissed with prejudice.

### I.　　STATEMENT OF FACTS

In Plaintiff's three-count Amended Complaint, he alleges retaliation (Count I); intentional infliction of emotional distress against Friend Family (Count II); and intentional infliction of emotional distress against Reverend Barlow (Count III).  In Count I, Plaintiff alleges that Friend Family retaliated against him in violation of Title VII of the Civil Rights Act.  In support of his claim, Plaintiff alleges that he complained to Friend Family that the Chairman of its Board, Reverend Barlow, had been sexually harassing a fellow co-worker.  Plaintiff alleges

that Friend Family terminated his employment for reporting the alleged instances of sexual harassment. In Count II, Plaintiff alleges that Friend Family intentionally subjected him to emotional distress by its alleged conduct, and by subsequently terminating him. In Count III, Plaintiff alleges that Reverend Barlow intentionally subjected him to emotional distress by his alleged conduct. In support of Counts II and III, Plaintiff, relying upon the same facts alleged to support his unfounded retaliation count, claims that Friend Family and Reverend Barlow threatened his employment, warned Plaintiff to stop investigating Reverend Barlow's alleged acts of sexual harassment, performed a sham investigation, made false and/or inflammatory statements, and, finally, that Friend Family terminated his employment.

## II.   LEGAL ARGUMENT

**A.   Applicable Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The well-pleaded allegations of a complaint must be accepted as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). However, a Complaint which consists of conclusory allegations unsupported by factual assertion fails even the liberal standard of Rule 12(b)(6). *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995). In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007), the United States Supreme Court recently stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level, . . ." *Id*. The old test from *Conley v. Gibson* – whether the plaintiff can prove "no set of facts" entitling it to relief – has "earned its retirement," according to Justice Souter.

*Id*. at 1969. The factual allegations of a complaint must show that claimed relief is "plausible," not just "conceivable." *Id*. at 1974. As described below, Plaintiff's Amended Complaint does not satisfy this test.

B.  **Counts II and III of the Amended Complaint, For Intentional Infliction of Emotional Distress, Must Be Dismissed Because They Are Preempted by the Illinois Human Rights Act (hereinafter "IHRA")**

Plaintiff's intentional infliction of emotional distress claims have no place in this lawsuit because they are preempted by the Illinois Human Rights Act. The Illinois Human Rights Act ("IHRA") deprives courts of jurisdiction over claims that constitute civil rights violations. *Packard v. TCF Nat'l Bank*, 2005 U.S. Dist. LEXIS 11744, at *5 (N.D. Ill. May 31, 2005) (copy attached as **Exhibit A**). Additionally, if a plaintiff's common law action sounds in tort but seeks redress for injuries arising from a civil rights violation within the meaning of the IHRA, the IHRA preempts the common law claim. *Rizzo v. Ball Horticultural Co.*, 2005 U.S. Dist. LEXIS 9588, at *7 (N.D. Ill. Apr. 20, 2005) (*citing Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 639 N.E.2d 1273, 1276-77 (Ill. 1994)) (copy attached as **Exhibit B**). Retaliation is included in the statute's definition of a "civil rights violation," and an employer commits a civil rights violation when, among other things, it discharges an employee "on the basis of unlawful discrimination." *See* 775 ILCS 5/1-102(A); 775 ILCS 5/2-102(A).

In order to survive a motion to dismiss, Plaintiff must articulate some independent basis for the action apart from the IHRA - that there would still be an emotional distress claim without the retaliation allegation. *Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 516-19 639 N.E.2d 1273, 1277-78 (Ill. 1994). In this case, Plaintiff has alleged that Friend Family terminated his employment in retaliation for complaining to Friend Family about Reverend Barlow allegedly sexually harassing a female employee. (Amend. Compl. at ¶¶ 47 -50).

3

Plaintiff's intentional infliction of emotional distress claims are premised entirely on Friend Family and Reverend Barlow's alleged discriminatory actions, up to and including Friend Family's termination of his employment. (Amend. Compl. at ¶¶ 60-64). Plaintiff has failed to allege any basis for these emotional distress claims other than the employment discrimination allegations implicating the IHRA. *See Thomas v. The Habitat Co.*, 213 F. Supp. 2d 887, 898 (N.D. Ill. 2002) (*citing Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 687 N.E.2d 21, 23 (Ill. 1997)). Plaintiff's emotional distress claims are common law actions, which essentially seek redress for a civil rights violation as defined by the IHRA. Therefore, there is no doubt that Counts II and III of Plaintiff's Amended Complaint are "inextricably linked" to a civil rights violation. *See Geise*, 159 Ill. 2d 507, 639 N.E.2d 1273, 1276-77 (Ill. 1994).

Plaintiff cannot overcome the vast caselaw dismissing intentional infliction of emotional distress claims as preempted by the IHRA on Rule 12(b)(6) motions, where such claims are brought in connection with or wholly dependent on civil rights allegations. *See Packard*, 2005 U.S. Dist. LEXIS 11744, at *7 (concluding that the sham investigation, as alleged by plaintiff, was inextricably linked to the civil rights claim because plaintiff based his civil rights charge specifically upon the depths of the investigation); *Mims v. General Security Services Corp.*, 2004 U.S. Dist. LEXIS 10926, at *9 (N.D. Ill. Jun. 16, 2004) (dismissing intentional infliction of emotional distress claim because it was inextricably linked to her claim of sexual harassment) (copy attached as **Exhibit C**); *Thomas*, 213 F. Supp. 2d at 899 (dismissing intentional infliction claim which could not survive if the allegations of her harassment claim were removed); *Valido v. Samsung Heavy Industries Co., Ltd.*, 1997 U.S. Dist. LEXIS 1981, at *13-15 (N.D. Ill. Feb. 14, 1997) (dismissing claim for intentional infliction claim where plaintiff simply recounted Title VII allegations) (copy attached as **Exhibit D**). Thus, it is clear that because Plaintiff's emotional

4

distress claims lack an independent basis, Counts II and III are preempted by the IHRA and must be dismissed.

C. **Plaintiff Fails to State a Cause of Action for Intentional Infliction of Emotional Distress**

Assuming *arguendo* that Plaintiff's claims are not barred by the IHRA, Counts II and III must still be dismissed as a matter of law under Rule 12(b)(6) because Plaintiff has failed to state a cause of action for intentional infliction of intentional distress. In order to state a cause of action for such a claim, Plaintiff must plead the following elements: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe and emotional distress. *Thomas*, 213 F. Supp. 2d at 898. It is also recognized that this tort does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Id.* (citations and quotations omitted).

Plaintiff's mere recital of the *prima facie* elements of this cause of action in his Amended Complaint is not enough to survive a motion to dismiss. The Seventh Circuit has held that even with liberal notice pleading standards, a plaintiff must show that a defendant's actions were objectively outrageous and the harm caused was very severe in order to survive a motion to dismiss. *Maddie v. Siebel Systems, Inc.*, 2004 U.S. Dist. LEXIS 22511, at *17 (N.D. Ill. Nov. 5, 2004) (internal citation omitted) (copy attached as **Exhibit E**). It is recognized that routine employment issues and decisions do not support a cause of action for intentional infliction of emotional distress. *Packard*, 2005 U.S. Dist. LEXIS 11744, at *9-10 (internal citation omitted) (stating that "courts are concerned that if daily stresses stemming from routine employment

5

issues are actionable, "nearly every employee would have a cause of action.") Plaintiff's claim is based on exactly that, a routine employment issue - termination. Specifically, as pertains to loss of a job as is the case here, the stress of such a loss and having to relocate to find new employment does not rise to the level of severe emotional harm. *Maddie*, 2004 U.S. Dist. LEXIS 22511, at *19. Furthermore, Plaintiff's allegations are much less severe than those in other cases within this circuit that have been dismissed. *See*, *e.g.*, *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (concluding that the conduct was not extreme and outrageous where plaintiff was reprimanded and falsely accused of poor performance, was excluded from office activities and decisions, was forced out of a management position and not given a promised promotion, had her car vandalized, and had her calls monitored).

In sum, Plaintiff's emotional distress claims are indistinguishable from his Title VII claim and as a result, Counts II and III are preempted by the IHRA and must be dismissed. Additionally, Plaintiff's allegations are insufficient to support his intentional infliction of emotional distress claims because the conduct alleged simply does not rise to the level of extreme and outrageous, and therefore, the complaint fails to state a claim.

### III.  CONCLUSION

For all of the foregoing reasons, this Court should grant Defendant's Motion to Dismiss and dismiss Counts II and III of Plaintiff's Amended Complaint with prejudice, and award to Defendants all such other relief as this Court deems necessary and appropriate.

Respectfully submitted,

/s/ Michael A. Wilder
Michael A. Wilder (#6291053)

Paul E. Bateman (#6188371)
Michael A. Wilder (#6291053)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: May 6, 2008

## CERTIFICATE OF SERVICE

I, Michael A. Wilder, an attorney, certifies that he caused a copy of the foregoing **Defendants' Memorandum of Law in Support of their Motion to Dismiss Counts II and III Pursuant to Rule 12(b)(6)** to be served upon the following attorneys of record electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing on May 6, 2008:

Elizabeth A. Coleman
Sara P. Leitenberger
Jenner & Block, L.L.P.
330 N. Wabash Avenue
Chicago, IL 60611-7603
(312) 923-2659
(312) 840-7659 (fax)

　　　　　　　　　　　　　　　　　　　　　　/s/Michael A. Wilder
　　　　　　　　　　　　　　　　　　　　　　Michael A. Wilder

Firmwide:85041621.1 038220.1008