# EXHIBIT C

LEXSEE


Cited
As of: May 05, 2008

JANET C. MIMS, Plaintiff, v. GENERAL SECURITY SERVICES CORPORATION, a Minnesota Corporation, and INDEPENDENT SECURITY AND POLICE UNION, INC., Defendants.

No. 03 C 9338

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2004 U.S. Dist. LEXIS 10926

June 16, 2004, Decided

**DISPOSITION:** [*1] Court withdrew earlier ruling on Defendant GSSC's motion to dismiss. That motion is granted in part and denied in part without prejudice. Defendant ISPU's motion to dismiss Count VI [Doc. No. 17-1] denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant union moved to dismiss plaintiff former employee's claim, which asserted a violation of § 301 of the Labor Management Relations Act, 29 U.S.C.S. § 185. The court, sua sponte, reconsidered a prior decision dismissing in part the employee's Title VII claims against defendant former employer, and claims of breach of the implied covenant of good faith and fair dealing, wrongful discharge, and intentional infliction of emotional distress.

**OVERVIEW:** The employer was a private contractor that provided security services at federal facilities. The employee contended that her employment was terminated after she complained of security breaches at a facility. The employee claimed that the union encouraged her to copy certain of the employer's written orders that she asserted were being violated. When she attempted to make copies, the employer threatened her with criminal prosecution. The employee was ultimately discharged and the union did not challenge the termination. The court reversed its decision denying dismissal of the employee's sex discrimination claim, holding that the claim had not been raised before the EEOC. The court also reversed it decision granting a dismissal of the employee's wrongful discharge claim, holding that, to the extent that the claim was based upon her assertion that the employer retaliated against her for her efforts to enforce public policy, such a claim might not be preempted by the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 et seq. The court also held that the employee's allegation that the union breached its duty of fair representation was sufficient to survive a motion to dismiss.

**OUTCOME:** The court denied the union's motion to dismiss. The court withdrew its earlier ruling granting in part the employer's motion to dismiss. The court granted the employer's motion to dismiss the employee's claim of sex discrimination, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress, and denied the motion to dismiss as to the retaliatory discrimination claim and wrongful discharge claim.

**CORE TERMS:** sex discrimination, retaliation, earlier ruling, termination, amend, covenant of good faith, fair dealing, fair representation, intentional infliction of emotional distress, summary judgment, underlying charge, public policy, sexual harassment, preempted, federal law, law recognizes, security services, federal buildings, wrongful discharge, oral ruling, legal theory, retaliatory discharge, subject to dismissal, adverse action, collective bargaining agreement, whistle-blowing, reconsideration, whistle-blower, contravention, harassment

**LexisNexis(R) Headnotes**

Exhibit C

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
*Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements*
*Civil Procedure > Summary Judgment > Notices*
[HN1]When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the trial court merely looks at the sufficiency of the complaint; it does not decide whether plaintiff has a winning claim. Thus, a complaint should not be dismissed for failure to a state a claim unless it appears beyond doubt that plaintiff can prove no set of facts to support his claim which would entitle him to relief. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Rule 12(b)(6) should be employed only when the complaint does not present a legal claim. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of plaintiff.

*Labor & Employment Law > Wrongful Termination > Public Policy*
*Labor & Employment Law > Wrongful Termination > Whistleblower Protection Act > General Overview*
[HN2]Illinois law recognizes a cause of action for retaliatory discharge, that is, for retaliation in violation of clearly mandated public policy. Moreover, Illinois case law recognizes that public policy may be found in federal law, and that a "whistle-blowing" case may support a finding of contravention of clearly mandated public policy where the employee is dismissed for reporting illegal or wrongful activities on the part of her fellow employees or her employer.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN3]A claim need not specify the specific correct legal theory to withstand a Fed. R. Civ. P. 12(b)(6) motion.

*Administrative Law > Judicial Review > Reviewability > Exhaustion of Remedies*
*Civil Procedure > Justiciability > Exhaustion of Remedies > Failure to Exhaust*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*
[HN4]The requirement under Title VII that any claim be presented first by way of a charge to the EEOC does not bar plaintiff from proceeding with a state law tort claim.

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Exhaustion of Remedies*
*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Exhaustion of Remedies > General Overview*
[HN5]A claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination.

*Contracts Law > Types of Contracts > Covenants*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Duration of Employment*
*Labor & Employment Law > Employment Relationships > At-Will Employment > Exceptions > Implied Contracts*
[HN6]Illinois law does not recognize a claim for a breach of the implied covenant of good faith and fair dealing in an at-will employment setting. An employment-at-will relationship gives the employer the right to terminate the employment at any time. Therefore, it is incongruous to imply a covenant the implied covenant of good faith and fair dealing which restricts that right.

*Torts > Intentional Torts > Intentional Infliction of Emotional Distress > Defenses*
*Torts > Procedure > Preemption > General Overview*
[HN7]Where state common law claims are inextricably linked to allegations of discrimination, the claims must be construed as charging a civil rights violation under the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 et seq.

*Labor & Employment Law > Collective Bargaining & Labor Relations > Fair Representation*
[HN8]A union breaches its duty of fair representation only if its actions are arbitrary, discriminatory, or in bad faith.

COUNSEL: For JANET C MIMS, plaintiff: George S. Bellas, William Peter Boznos, Bellas & Wachowski, Park Ridge, IL.

For GENERAL SECURITY SERVICES CORPORATION, a Minnesota corporation and Independent Security and Police Union, defendant: Thomas John Vertic-

chio, Patzik, Frank & Samotny, Ltd., Chicago, IL. Dana Shelton Connell, Dorothy Larkin Young, Littler Mendelson, P.C., Chicago, IL. Joseph R. Ziccardi, Law Offices of Joseph R. Ziccardi, Chicago, IL. Elwyn Russell Woody, Jr., Law Offices of Russell Woody, Glenview, IL.

For INDEPENDENT POLICE, defendant: Joseph R. Ziccardi, Law Offices of Joseph R. Ziccardi, Chicago, IL.

JUDGES: REBECCA R. PALLMEYER, United States District Judge.

OPINION BY: REBECCA R. PALLMEYER

OPINION

ORDER

Until September 2003, Plaintiff Janet C. Mims was employed by Defendant General Security Services Corp. ("GSSC"), a private contractor in the business of providing security services, including security at certain federal facilities in Chicago, Illinois. In this lawsuit, Plaintiff sues [*2] GSSC and Defendant Independent Security and Police Union ("ISPU") union, for taking action against Plaintiff after she complained of security breaches at the U.S. Customs building lobby. She alleges retaliation in violation of Title VII (Count I); sex discrimination in violation of Title VII (Count II); breach of the implied covenant of good faith and fair dealing (Count III); wrongful discharge (Count IV); intentional infliction of emotional distress (Count V); and violation of the Labor Management Relations Act (Count VI).

Defendant GSSC moved to dismiss all five counts against it. In an oral ruling, the court granted that motion in part on May 6, 2004. ISPU now seeks dismissal of the duty of fair representation claim asserted in Count VI. For the reasons that follow, ISPU's motion is denied. On its own motion, the court has reconsidered GSSC's motion, as well, and hereby amends its earlier ruling on that motion, as more fully addressed below.

DISCUSSION

Standards for Dismissal Under Rule 12

[HN1]When reviewing a motion to dismiss under Rule 12(b)(6), the court merely looks at the sufficiency of the complaint, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002); [*3] Autry v. Northwest Premium Services, Inc., 144 F.3d 1037, 1039 (7th Cir. 1998); it does not decide whether the plaintiff has a winning claim. Herdrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998); see also McCormick v. City of Chicago, 230 F.3d 319, 323-26 (7th Cir. 2000) (analyzing Leatherman v. Tarrant County, 507 U.S. 163, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993) and reversing the Rule 12(b)(6) dismissal of claims based on §§ 1981 & 1983); Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory. . . ."). Thus, "[a] complaint should not be dismissed for failure to a state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts to support his claim which would entitle him to relief." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999) (citations and internal quotation marks omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint [*4] does not present a legal claim." Id. "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999).

GSSC's Motion to Dismiss

With respect to Count I, GSSC correctly argued that the claims presented there were not mentioned in Plaintiff's charge of discrimination, filed with EEOC. From this court's review, it appears that Plaintiff's underlying EEOC charge referred only to sex discrimination and to harassment she claims to have suffered after she broke up a romantic relationship with a co-worker. No mention of these circumstances, which might well support a traditional claim of retaliation under Title VII, appears in her complaint filed with this court, however; instead, Count I refers only to retaliation for Plaintiff's alleged "whistle-blowing" activities.

Plaintiff invokes Title VII in Count [*5] I, and in this court's earlier ruling, the court denied GSSC's motion to dismiss this Title VII claim. On reconsideration, the court concludes that Title VII is not implicated by Plaintiff's "whistle-blower" allegations. [HN2]Illinois law recognizes a cause of action for retaliatory discharge -- that is, for retaliation in violation of clearly mandated public policy. Miller v. State of Illinois, 681 F. Supp. 538, 547 (N.D.Ill. 1988). Moreover, Illinois case law recognizes that public policy may be found in federal law, and that a "whistle-blowing" case may support a finding of contravention of clearly mandated public policy where the employee is dismissed for reporting illegal or wrongful activities on the part of her fellow employees or her employer. See Russ v. Pension Consultants Co., 182 Ill. App. 3d 769, 775, 538 N.E.2d 693, 696, 131

Ill. Dec. 318, 181 Ill. Dec. 318 (1st Dist. 1989). It is well recognized that [HN3]a claim need not specify the specific correct legal theory to withstand a Rule 12(b)(6) motion. Further, [HN4]the requirement under Title VII that any claim be presented first by way of a charge to the EEOC does not bar Plaintiff from proceeding with a state law tort [*6] claim, so Plaintiff's purported failure to exhaust administrative remedies does not support dismissal.[1] The court thus concludes that Count I adequately states a claim under the notice-pleading standards of the Federal Rules.[2]

> 1  Although neither party has cited it, the court notes that there may also be protection for a federal whistle-blower under federal law.
> 2  Because such a claim arises under state tort law, the complaint would nevertheless be subject to dismissal absent a cognizable federal claim, such as Plaintiff's "hybrid 301" claim, addressed more fully below. The court would have supplemental jurisdiction over any related state claims. Further, as noted below, Plaintiff will have leave to amend Count I to permit pleading of a claim of retaliation under Title VII, if she can do so consistent with Rule 11.

Count II, alleging sex discrimination, is subject to the charge-filing requirement. Plaintiff's underlying EEOC charge does contain a checkmark in the box for "sex discrimination," but says [*7] nothing at all about the claim she asserts in her complaint in this court: that males but not females were permitted to keep their belongings in Room 100. Instead, the charge explains that Plaintiff was subject to harassment and hostile work environment after she broke off a relationship with a coworker and complained of sex discrimination -- classic allegations of sexual harassment and retaliation, not of disparate treatment on the basis of sex. As the Seventh Circuit explained in Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497 (7th Cir. 1994), "[HN5]a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." Id. at 501. The court's earlier ruling on Count II is withdrawn and GSSC's motion to dismiss Count II is granted.[3]

> 3  The court notes, further, its uncertainty that being denied storage space in a particular room would constitute adverse action for purposes of a claim of employment discrimination. Courts define the term broadly, but "not everything that makes an employee unhappy is an actionable adverse action." Bell v. Environmental Protection Agency, 232 F.3d 546, 555 (7th Cir. 2000). The denial of access to Room 100 may well constitute a "mere inconvenience," not actionable as sex discrimination under Title VII. See Crady v. Liberty Nat. Bank and Trust Co., 993 F.2d 132, 136 (7th Cir. 1993).

[*8]  Count III of Plaintiff's complaint alleges breach of the implied covenant of good faith and fair dealing. As several courts have observed, [HN6]Illinois law does not recognize such a claim in an at-will employment setting. The Seventh Circuit explained that an employment-at-will relationship "gives the employer the right to terminate the employment at any time. Therefore, it is incongruous to imply a covenant [the implied covenant of good faith and fair dealing] which restricts that right." LaScola v. U.S. Sprint Communications, 946 F.2d 559, 565 (7th Cir. 1991), citing Harrison v. Sears, Roebuck & Co., 189 Ill. App. 3d 980, 993, 546 N.E.2d 248, 256, 137 Ill. Dec. 494 (4th Dist. 1989). Neither side here has explained whether Plaintiff's union membership either alters the analysis or requires a determination that this claim is preempted. Plaintiff has conceded, however, that Count III is subject to dismissal. The motion to dismiss Count III is therefore granted.

GSSC argues that Count IV (for wrongful discharge) and Count V (for intentional infliction of emotional distress) are preempted by the Illinois Human Rights Act, 775 ILCS 5/8-111(C). In its earlier [*9] oral ruling, the court agreed and dismissed both counts. With respect to Count V, the court stands by that ruling: [HN7]Where state common law claims are inextricably linked to allegations of discrimination, the claims must be construed as charging a civil rights violation under the Illinois Human Rights Act. Plaintiff's allegations of intentional infliction of emotional distress here appear to relate to Defendant's alleged retaliation and sexual harassment. Maksimovic v. Tsogalis, 177 Ill.2d 511 687 N.E.2d 21, 227 Ill. Dec. 98 (1997), on which Plaintiff relies, effectively confirms this analysis: the plaintiff in that case had claims of physical harm, including assault, battery, and false imprisonment, in addition to her claim of sexual harassment in the workplace. Plaintiff's complaint and underlying charge in this case make no mention of physical contact or of any other independent tort. Count V is therefore dismissed.

On reconsideration, the court reaches a different conclusion with respect to the wrongful discharge claim in Count IV. To the extent that claim is based upon her assertion that her employer retaliated against her for her efforts to enforce public policy, [*10] such a claim may not be preempted by the Human Rights Act. As the complaint currently reads, any such claim would appear to be duplicative of Count I. Assuming that Plaintiff is able to amend Count I to state a claim of retaliation consistent with the allegations of her underlying charge, however, the retaliatory discharge claim will stand. With respect to

Count IV, therefore, the court withdraws its earlier ruling and denies the motion to dismiss that count.

**ISPU's Motion to Dismiss**

Count VI of Plaintiff's complaint states a "hybrid" claim under section 310 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. In such a claim, the plaintiff asserts that her employer breached the collective bargaining agreement and the defendant union breached its duty of fair representation to plaintiff. Plaintiff Mims alleges that, over several months following September 11, 2001, she observed and objected to security breaches at federal buildings to which she was assigned. In August 2003, she filed grievances protesting her supervisor's instructions regarding the time for opening the federal building at 536 South Clark Street in Chicago, instructions [*11] that she believed were in contravention of standing written orders. Union officials directed Plaintiff to obtain a copy of those orders in support of her grievance; when she attempted to comply with this direction, GSSC officers threatened her with criminal charges coerced her to accept a three-day suspension for copying federal documents and ultimately discharged her. Plaintiff alleges that her union representative advised her to sign "the documentation." GSSC terminated Plaintiff on September 5, 2003, and Defendant ISPU declined to appeal or challenge the termination.

[HN8]A union breaches its duty of fair representation only if its actions are arbitrary, discriminatory, or in bad faith. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363 (7th Cir. 2003). Defendant ISPU argues that Plaintiff is unable to make such a showing here. In this court's view, however, the argument is premature. *Neal* was decided on summary judgment; here, only the allegations of the Plaintiff's complaint are before the court, and these must be construed in the light most favorable to her. Plaintiff has alleged that union officers instructed her to make a copy of a document and then failed to challenge [*12] her termination for engaging in that very conduct. Viewed in the light most favorable to Plaintiff, those allegations are sufficient to establish that the union acted arbitrarily. ISPU argues, alternatively, that the collective bargaining agreement denies Plaintiff any recourse where, as in this case, it was federal officials who required that she be terminated. Such an argument might well prevail on summary judgment, but the court is not prepared to dismiss Count VI on motion. Without a factual record, the court is unable to accept the notion that making a copy of a federal notice is a violation of work rules, let alone criminal conduct, as suggested in ISPU's submissions. In any event, the allegations of the complaint are sufficient to create the inference that Plaintiff's termination was in fact motivated by her efforts to call attention to lax enforcement of security regulations at various Chicago facilities. There may be any number of legitimate reasons for ISPU's decision not to challenge that termination, but they require consideration of matters beyond the four corners of Plaintiff's complaint.

ISPU's motion to dismiss Count VI is denied.

**CONCLUSION**

The court withdraws [*13] its earlier ruling on Defendant GSSC's motion to dismiss. That motion is granted in part and denied in part without prejudice to the filing of an amended complaint within 21 days. Should Plaintiff elect to amend her complaint, the court expects she may be able to state a claim of retaliation in violation of Title VII, consistent with the allegations in her underlying charge of discrimination; and, in addition, a claim of retaliatory discharge under Illinois law. GSSC will be directed to answer any amended complaint within 21 days after its filing. Defendant ISPU's motion to dismiss Count VI [Doc. No. 17-1] is denied, and ISPU is directed to answer that count within 21 days from this ruling.

Dated: June 16, 2004

REBECCA R. PALLMEYER

United States District Judge