IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. TAYLOR,<br><br>    Plaintiff,<br><br> v.<br><br>FRIEND FAMILY HEALTH CENTER, INC., a corporation, and<br><br>REV. HENRY BARLOW,<br>an individual,<br>    Defendants. | No.  07 CV 6558<br><br>Judge John W. Darrah<br><br>Magistrate Judge Morton Denlow |

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED
COMPLAINT AND  DEMAND FOR JURY TRIAL**

Defendants, Friend Family Health Center, Inc. (hereinafter "Friend Family") and Reverend Henry Barlow (hereinafter "Reverend Barlow"), by and through their attorneys, Littler Mendelson, P.C., hereby submit their Amended Answer, Affirmative Defenses, and Counterclaim to Plaintiff, Robert E. Taylor's (hereinafter "Plaintiff") First Amended Complaint and Demand for Jury Trial as follows:

**NATURE OF THE CLAIM**

1.     Plaintiff Robert Taylor brings this action seeking redress for the discriminatory and retaliatory acts of his ex-employer, Friend Family Health Center, Inc.  Plaintiff asserts claims under Title VII, as amended by the Civil Rights Act of 1991, 42 U. S. C. § 2000E, et seq.  Moreover, Plaintiff asserts various state law claims against his ex-employer, as well as against an individual defendant.

**ANSWER:**     Defendants admit that Plaintiff is a former employee of Friend Family.  Defendants further admit that Plaintiff purports to bring a claim against Friend Family pursuant to the Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), *et seq*.  Defendants admit

that Plaintiff purports to bring various state law claims against them.  Defendants deny that they discriminated against Plaintiff or otherwise violated Title VII or any federal or state law in any respect.  Defendants deny any and all remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction of the action under 28 U. S. C. § 1343(a)(3) and (4) and 28 U. S. C. § 1331.  The Court has supplement [sic] jurisdiction pursuant to 28 U. S. C. § 1367(a).

**ANSWER**:    Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  Defendants admit that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  Defendants deny any and all remaining allegations in Paragraph 2 of Plaintiff's Amended Complaint.

3.      Venue is proper in the Northern District of Illinois pursuant to 42 U. S. C. § 2000e(f)(3) and 28 U. S. C. § 1345.

**ANSWER**:    Defendants admit that venue is proper in the Northern District of Illinois.  Defendants deny any remaining allegations in Paragraph 3 of Plaintiff's Amended Complaint.

## PARTIES

4.      Robert Taylor (hereinafter "Taylor" or "Plaintiff") is an individual and a citizen of the United States.  He currently resides in Chicago, Illinois.

**ANSWER**:    On information and belief, Defendants admit Paragraph 4 of Plaintiff's Amended Complaint.

5.      Plaintiff was an employee of Defendant, Friend Family Health Center, Inc. (hereinafter "FFHC" or "Defendant FFHC"), and Plaintiff worked for Defendant FFHC in the state of Illinois.

**ANSWER**:    Defendants admit Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant FFHC is a not-for-profit Illinois corporation doing business in the state of Illinois with its corporate headquarters at 800 East 55th Street, Chicago, Illinois 60615.

**ANSWER**: Defendants admit Paragraph 6 of Plaintiff's Amended Complaint.

7. Rev. Henry Barlow (hereinafter "Barlow" or "Individual Defendant") is an individual and a citizen of the United States. He currently resides in Chicago, Illinois.

**ANSWER**: Defendants admit Paragraph 7 of Plaintiff's Amended Complaint.

8. At all relevant times, Defendant FFHC employed more than fifteen (15) employees and therefore constitutes an "employer" within the meaning of the relevant statutes.

**ANSWER**: Defendants admit Paragraph 8 of Plaintiff's Amended Complaint.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has fulfilled conditions precedent to the filing of this action under Title VII, as amended by the Civil Rights Act of 1991. On September 3, 2004, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received a Right to Sue letter on August 23, 2007. The Right to Sue letter is attached hereto and made part hereof as Exhibit A. Plaintiff timely filed his original complaint in this Court on November 20, 2007.

**ANSWER**: Defendants admit Paragraph 9 of Plaintiff's Amended Complaint.

## FACTUAL BACKGROUND

10. Plaintiff began his employment with Defendant FFHC in May 2002 as Chief Executive Officer (CEO) and Chief Financial Officer (CFO). During his entire employment with Defendant FFHC, Plaintiff held the concurrent positions of CEO and CFO.

**ANSWER**: Defendants admit Paragraph 10 of Plaintiff's Amended Complaint.

11. Plaintiff has a bachelor's degree in accounting from Illinois State University, has more than fifteen years of experience in accounting, and is a Certified Public Accountant. At all times during his employment with Defendant FFHC, Plaintiff satisfactorily performed his job.

**ANSWER**: Defendants admit that Plaintiff has a Bachelor's degree in accounting from Illinois State University, and that he is a Certified Public Accountant. Defendants deny any and all remaining allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12. At all relevant times, Defendant FFHC maintained a written "No Tolerance for Sexual Harassment Policy," which Defendant FFHC distributed to all employees upon the commencement of their employment. The policy states:

> Any employee who believes he or she is being discriminat[ed] [sic] against Or [sic] harass[ed] [sic] based on any of the grounds stated above should report it immediately to his or her direct supervisor or to the human resources department... Under no circumstances will an employee be penalized for reporting what the employee believes in good faith to be harassment under this policy. If you believe that you are being retaliated against for bringing a complaint of harassment or discrimination, you should report such conduct immediately to your direct supervisor or to the human resources department.

**ANSWER**: Defendants admit Paragraph 12 of Plaintiff's Amended Complaint.

13. On December 22, 2003, Carol. Sissac (hereinafter "Sissac"), a female employee of Defendant FFHC, reported an incident of sexual harassment to Plaintiff, her supervisor. Sissac verbally reported to Plaintiff that Barlow, Defendant FFHC's Chairman of the Board, had sexually harassed her.

**ANSWER**: Defendants admit Paragraph 13 of Plaintiff's Amended Complaint.

14. On December 23, 2003, Sissac again reported to Taylor that Barlow had further sexually harassed her.

**ANSWER**: Defendants admit Paragraph 14 of Plaintiff's Amended Complaint.

15. During her report to Plaintiff, Sissac alleged that Barlow had harassed her by asking her to dinner and aggressively demanding she give him an answer on multiple occasions. With Plaintiff's assistance, Sissac gave the same verbal report to Defendant FFHC's Interim Human Resources Director, Pilar McKinney (hereinafter "McKinney") who recorded Sissac's statement in a written document.

**ANSWER**: Defendants admit that Sissac reported to Plaintiff that she had allegedly been harassed by Reverend Barlow when he allegedly asked her to dinner on multiple occasions, but Defendants deny that any harassment occurred. Defendants further admit that with Plaintiff present, Sissac gave this verbal report to Pilar McKinney, Friend Family's Interim Human Resources Director, who recorded Sissac's statement in a written document. Defendants deny any and all remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16. In an effort to stop Barlow's on-going harassment of Sissac, and in good faith reliance on Sissac's report, Plaintiff took steps to address Sissac's claim of sexual harassment. First, Plaintiff called Thomas Jones (hereinafter "Jones), Defendant FFHC's Vice-Chairman of the Board and Chairman of the Human Resources Committee, and reported Sissac's allegations. Second, Plaintiff tried to contact several other members of the Board, but had limited success because of the holiday season.

**ANSWER**: Defendants admit that Plaintiff reported Sissac's claim of sexual harassment to Thomas Jones, Friend Family's Vice-Chairman of the Board of Directors for Friend Family and Chairman of the Human Resources Committee. Defendants lacks sufficient information and knowledge to admit or deny whether Plaintiff unsuccessfully attempted to contact several members of Friend Family's Board of Directors during the holiday season, and therefore Defendants deny this allegation. Defendants deny any and all remaining allegations in Paragraph 16 of Plaintiff's Amended Complaint.

17. Barlow discovered Sissac's allegations against him almost immediately after Plaintiff called Jones.

**ANSWER**: Defendants deny each and every allegation of Paragraph 17 of Plaintiff's Amended Complaint.

18. Upon learning of Sissac's allegations, Barlow became furious with Plaintiff and Sissac. On January 14, 2004, Barlow threatened Plaintiff and FFHC employees sympathetic to Sissac by stating, "[N]ever had my name been dragged in the mud in my entire life until I associated myself with [FFHC], and you will pay for it for not protecting me and my name."

**ANSWER**: Defendants deny each and every allegation of Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant FFHC's "No Tolerance for Sexual Harassment Policy" directs FFHC to investigate any complaint of sexual harassment or retaliation and make a written report following the investigation.

**ANSWER**: Defendants admit Paragraph 19 of Plaintiff's Amended Complaint.

20. When Plaintiff tried to arrange a third-party investigation of the claims as early as January 2004, Barlow thwarted those efforts by refusing to authorize payment of the investigator and by indicating his outrage that a "man of God" could be accused of such actions.

**ANSWER**: Defendants deny each and every allegation of Paragraph 20 of Plaintiff's Amended Complaint.

21. Between December 2003 and March 2004, Plaintiff repeatedly requested that the Board of Directors investigate Sissac's claim.

**ANSWER**: Defendants admit that between December 2003 and March 2004, Plaintiff requested that the Board of Directors for Friend Family investigate Sissac's claim. Defendants deny any and all remaining allegations of Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant FFHC's Board of Directors waited, however, until April 2004 – over four months after Sissac's allegations—to investigate the claims.

**ANSWER**: Defendants deny each and every allegation of Paragraph 22 of Plaintiff's Amended Complaint.

23. Beginning in January 2004, infuriated by Plaintiff's persistence in seeking to investigate Sissac's claim, Barlow intensified his campaign of harassment and retaliation against Plaintiff and those employees sympathetic to Sissac's allegations.

**ANSWER**: Defendants deny each and every allegation of Paragraph 23 of Plaintiff's Amended Complaint.

24. At a Board meeting on January 28, 2004, Barlow moved unsuccessfully for the immediate termination of Plaintiff.

**ANSWER**: Defendants admit Paragraph 24 of Plaintiff's Amended Complaint.

25. As part of his campaign, Barlow began a concerted effort against Plaintiff in an effort to construct a seemingly valid reason to terminate Plaintiff's employment. For example, Barlow began identifying alleged errors committed by Plaintiff during his employment.

**ANSWER**: Defendants deny each and every allegation of Paragraph 25 of Plaintiff's Amended Complaint.

26. In addition, Barlow recruited ex-employees—whom Plaintiff had previously terminated—to air their grievances against Plaintiff at Board meetings, including the January 28, 2004 meeting.

**ANSWER**: Defendants deny each and every allegation of Paragraph 26 of Plaintiff's Amended Complaint.

27. As a representative example, Barlow recruited previously terminated FFHC employee Michelle Ewing (hereinafter "Ewing") to provide negative comments to the Board about the Plaintiff, and, in exchange, Barlow approved Ewing's re-hiring at FFHC.

**ANSWER**: Defendants admit that Michelle Ewing was rehired by Friend Family. Defendants deny any and all remaining allegations of Paragraph 27 of Plaintiff's Amended Complaint.

28. On January 29, 2004, Barlow's friend and fellow Board member, Rev. Thomas Varughese (hereinafter "Varughese") called Plaintiff and pressured Plaintiff to "drop" Sissac's allegations. Varughese suggested that smoothing the situation with Barlow would help ensure that Plaintiff keep his job with Defendant FFHC. Plaintiff thanked Varughese for his concern, but stated that Defendant FFHC had an obligation to investigate the claim.

**ANSWER**: Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 28 of Plaintiff's Amended Complaint, and therefore deny each and every allegation of Paragraph 28 of Plaintiff's Amended Complaint.

29. On February 12, 2004, Plaintiff arrived at work to find his office door covered in pry marks, indicating that someone with access to the FFHC had broken the lock for his office. Plaintiff found many items missing, including his signed employment agreement, certain personnel records, audio cassette tapes of Board meetings and other company documents (hardcopy and electronics).

**ANSWER**: Defendants admit that Plaintiff filed a police report on February 12, 2004 alleging that when he arrived at his office he observed pry marks on his office door, and that files were missing from his office and computers. Defendants deny any and all remaining allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30. Plaintiff filed a police report about this burglary on the same day.

**ANSWER**: Defendants admit Paragraph 30 of Plaintiff's Amended Complaint.

31. On February 20, 2004, Plaintiff formally informed Defendant FFHC's Board of Barlow's continued retaliation. In this memo, Plaintiff specifically outlined Barlow's "attempts to intimidate and retaliate for [Plaintiff's] involvement in claims made against him [Barlow]...."

**ANSWER**: Defendants admit that Plaintiff wrote a letter to Friend Family dated February 20, 2004 in which Plaintiff alleged that Reverend Barlow retaliated against him, but Defendants deny that any retaliation occurred. Defendants further admit that Plaintiff states in his letter that his written statement is that "the chairman attempts to intimidate and retaliate for my involvement in claims made against him. . ." Defendants deny any and all remaining allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant FFHC'S Board never formally acknowledged receipt of the February 20, 2004 memo and did nothing to investigate or prevent Barlow's harassing actions towards Sissac's or his retaliatory actions towards Plaintiff.

**ANSWER**: Defendants deny each and every allegation of Paragraph 32 of Plaintiff's Amended Complaint.

33. The culmination of Defendant FFHC's and Barlow's retaliatory actions towards Plaintiff occurred on March 3, 2004, when Barlow, Jones and Board Secretary Leticia Ransom (hereinafter "Ransom") held a meeting and terminated Taylor. Defendant FFHC gave Taylor no reason for his termination at this time.

**ANSWER**: Defendants admit that on March 2, 2004, Board Members of Friend Family, including Reverend Barlow, Thomas Jones, and Board Secretary, Leticia Ransom, held a board meeting and unanimously voted (7-0) to terminate Plaintiff's employment. Defendants further admit that Friend Family did not give Plaintiff a reason for his termination at this time. Defendants deny any and all remaining allegation in Paragraph 33 of Plaintiff's Amended Complaint.

34. Indeed, Defendant FFHC did not articulate a reason for Plaintiff's termination until nearly one month after the termination, and did so only in connection with Plaintiff's seeking unemployment compensation.

**ANSWER**: Defendants admit that Friend Family provided Plaintiff with reasons for his termination within weeks of his termination. Defendants deny any and all remaining allegation of Paragraph 34 of Plaintiff's Amended Complaint.

35. In unlawfully terminating Plaintiff's employment, creating a hostile work environment and committing various acts of retaliation against Plaintiff for reporting and opposing instances of sexual harassments, Defendant FFHC treated Plaintiff differently than similarly situated employees who remained uninvolved with the reporting of Sissac's claims and unopposed to Barlow's harassment of Sissac.

**ANSWER**: Defendants deny each and every allegation of Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant FFHC's and Barlow's retaliatory acts did not stop even after Plaintiff was terminated. In April 2004, Defendant FFHC's Board fired the Accounting Manager of FFHC, James Obese (hereinafter "Obese"), immediately after Obese provided a statement to FFHC's investigator confirming Barlow's retaliation against Plaintiff.

**ANSWER**: Defendants admit that Friend Family terminated James Obese, the Account Manger for Friend Family on April 9, 2004 for performance issues. Defendants deny any and all remaining allegations of Paragraph 36 of Plaintiff's Amended Complaint.

37. Additionally, in May 2004, Defendant FFHC fired Sissac, the alleged victim of Barlow's sexual harassment, shortly after the close of the investigation into her claims.

**ANSWER**: Defendants admit that Friend Family terminated Sissac on May 25, 2004 from her temporary position. Defendants deny any and all remaining allegations of Paragraph 37.

38. Defendant FFHC and Barlow have continued their campaign of retaliation and harassment against Plaintiff to this very day by giving poor references to Taylor's potential employers.

**ANSWER**: Defendants deny each and every allegation of Paragraph 38 of Plaintiff's Amended Complaint.

39. Upon information and belief, in or about the time period from November 2006 to present, Plaintiff applied for certain employment opportunities at a variety of potential employers, including but not limited to: (a) the Mary Crane Center; (b) the Oak Park Community Health Center; and (c) St. Alexian Brothers Hospital Network.

**ANSWER**: Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 39 of Plaintiff's Amended Complaint, and therefore deny each and every allegation of Paragraph 39 of Plaintiff's Amended Complaint.

40. Upon information and belief, each one of these potential employers called Defendant FFHC to obtain references about Plaintiff's employment with Defendant FFHC.

**ANSWER**: Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 40 of Plaintiff's Amended Complaint, and therefore deny each and every allegation of Paragraph 40 of Plaintiff's Amended Complaint.

41. Upon information and belief, during each telephone conversation between the potential employer and Defendant FFHC, Defendant FFHC gave false and outrageous information about Plaintiff to Plaintiff's potential employer, including but not limited to information accusing Plaintiff of felonies and misdemeanors, unethical behavior, and inappropriate sexual behavior.

**ANSWER**: Defendants deny each and every allegation of Paragraph 41 of Plaintiff's Amended Complaint.

42. Because of the nature of the statements provided by Defendant FFHC, Taylor could not, and still cannot, secure gainful employment, thus frustrating his career and reputation.

**ANSWER**: Defendants deny each and every allegation of Paragraph 42 of Plaintiff's Amended Complaint.

43. After being rejected by countless employers, Taylor suffered a financial collapse resulting in foreclosure of his house.

**ANSWER**: Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 43 of Plaintiff's Amended Complaint, and therefore deny each and every allegation of Paragraph 43 of Plaintiff's Amended Complaint.

44. Moreover, the stress proximately caused by Barlow and Defendant FFHC resulted in Plaintiff suffering a variety of physical and emotional damage, such as severe anxiety, nausea, headaches, depression, sleepless nights, lack of trust, fear, and fatigue.

**ANSWER**: Defendants lack sufficient information or knowledge to admit or deny the allegations in Paragraph 44 of Plaintiff's Amended Complaint, and therefore deny each and every allegation of Paragraph 44 of Plaintiff's Amended Complaint.

### COUNT 1:
### RETALIATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964, 42 U. S. C. § 2000E-3(A)

45. Plaintiff repeats and realleges the allegations of Paragraphs 1 though 44 as this paragraph 45, as it fully set forth herein.

**ANSWER**: Defendant hereby incorporates is answers to Paragraphs 1 through 44 as if set forth fully herein.

46. Title VII, 42 U. S. C. § 2000e-3(a) prohibits employers from engaging in retaliatory conduct against an employee who participates in a proceeding under Title VII or who opposes any practices made an unlawful employment practice by Title VII.

**ANSWER**: Defendants admit Paragraph 46 of Plaintiff's Amended Complaint.

47. Plaintiff engaged in protected expression under the foregoing provision of Title VII by complaining to Defendant FFHC about the Chairman of the Board's sexual harassment of a fellow female co-worker and opposing the Chairman's sexual harassment of that co-worker, actions which the Plaintiff reasonably and in good faith believed to be unlawful.

**ANSWER**: Defendants deny each and every allegation of Paragraph 47 of Plaintiff's Amended Complaint.

48. Plaintiff also attempted to exercise his rights under the foregoing provision of Title VII by complaining to Defendant FFHC regarding the retaliatory actions being taken against Plaintiff himself for having reported the instances of alleged sexual harassment.

**ANSWER**: Defendants deny each and every allegation of Paragraph 48 of Plaintiff's Amended Complaint.

49. Instead of resolving these complaints, Defendant FFHC engaged in a pattern of harassment and further retaliation against Plaintiff that affected the terms and conditions of his employment and showed total inaction and disregard towards resolving the situation.

**ANSWER**:   Defendants deny each and every allegation of Paragraph 49 of Plaintiff's Amended Complaint.

50. Plaintiff suffered adverse employment actions, including but not limited to verbal harassment, verbal threats, unwanted disciplinary action, heightened scrutiny, and termination as a proximate result of his engaging in protected activity.

**ANSWER**:   Defendants deny each and every allegation of Paragraph 50 of Plaintiff's Amended Complaint.

51. The retaliation continued in the form of false references even after Defendant FFHC terminated Plaintiff's employment.

**ANSWER**:   Defendants deny each and every allegation of Paragraph 51 of Plaintiff's Amended Complaint.

52. Ultimately, Defendant FFHC terminated Plaintiff because Plaintiff opposed conduct which Plaintiff, reasonably and in good faith, believed to be unlawful. Any other reason to the contrary that Defendant FFHC offers is pretextual for Defendant FFHC's retaliatory motivation.

**ANSWER**:   Defendants deny each and every allegation of Paragraph 52 of Plaintiff's Amended Complaint.

53. Defendant FFHC, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same violated Title VII. Any other reason to the contrary that Defendant FFHC offers is pretextual.

**ANSWER**:   Defendants deny each and every allegation of Paragraph 53 of Plaintiff's Amended Complaint.

54. Defendant FFHC's and Barlow's wrongful acts were outrageous, malicious, deliberate, intentional, willful, and wanton and in total disregard for Plaintiff's civil rights.

**ANSWER**:   Defendants deny each and every allegation of Paragraph 54 of Plaintiff's Amended Complaint.

55. As a direct and proximate result of the acts engaged in by the Defendant, Plaintiff suffered severe financial damages, including but not limited to:

    (i)    loss of pay and benefits, past and future;
    (ii)    loss of future earnings, and other benefits of employment;
    (iii)    severe emotional distress, humiliation, and embarrassment;
    (iv)    damage to his reputation;
    (v)    attorneys' fees and costs; and
    (vi)    other damages allowed under Title VII.

**ANSWER**: Defendants deny each and every allegation of Paragraph 55 of Plaintiff's Amended Complaint.

56. As alleged above, Plaintiff has exhausted his administrative remedies for the Title VII violations described herein.

**ANSWER**: Defendants admit Paragraph 56 of Plaintiff's Amended Complaint.

WHEREFORE, Plaintiff, ROBERT E. TAYLOR, respectfully requests judgment against Defendant, FRIEND FAMILY HEALTH CENTER, INC., in an amount that will fully compensate him for his injuries and damages of the past and future for Defendant's violation of Plaintiff's rights, including but not limited to:

    (i)    back pay;
    (ii)    front pay or, in the alternative, reinstatement;
    (iii)    compensatory damages;
    (iv)    punitive damages;
    (v)    liquidated damages;
    (vi)    prejudgment interest
    (vii)    attorneys' fees and costs and/or
    (viii)    any other relief the Court deems equitable and just.

**ANSWER**: Defendants recognize that the above-captioned Paragraph is a request for relief. Defendants deny that Plaintiff is entitled to any such relief, and deny each and every allegation contained in the above-captioned request for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable statute of limitations for the filing of a Complaint or charges of discrimination; or (b) for alleged incidents of discrimination not listed in his Complaint or charges of discrimination; or (c) against parties not named in the Complaint or charges of discrimination, Plaintiff may not recover any relief for such incidents of alleged discrimination or against unnamed parties.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate his damages as required by law.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust his administrative remedies, his claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has received any income from other employment and other sources, such monies must be offset against any damages allegedly due to Plaintiff from Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Any actions taken by Defendants were based on legitimate and nondiscriminatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, or preemption.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and did not act with malice or reckless indifference to Plaintiff's protected rights.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Friend Family exercised reasonable care to prevent and correct promptly any discriminatory behavior alleged by Plaintiff, and/or Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant or to otherwise avoid harm.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails because to the extent that Plaintiff did not avail himself of preventive and corrective opportunities, Defendant Friend Family fulfilled its obligation to prevent and correct any wrongdoing.

## TENTH AFFIRMATIVE DEFENSE

Any allegation not expressly admitted is denied.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend its Answer to raise any additional defenses that may become available during the discovery process.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's relief, if any, under Title VII of the Civil Rights Act of 1964 is limited by the after-acquired evidence doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's relief, if any, under Title VII of the Civil Rights Act of 1964 is limited under 42 U.S.C. § 1981(a).

**WHEREFORE**, Defendant Friend Family Health Center, Inc. and Defendant Reverend Henry Barlow deny that Plaintiff is entitled to judgment in any amount whatsoever, and respectfully submit that the entire Amended Complaint should be dismissed in its entirety on the merits and with prejudice, and that Defendants be awarded costs incurred in defending this lawsuit, including reasonable attorneys' fees, as well as such other legal and equitable relief as the Court deems proper.

## COUNTERCLAIM

NOW COMES Defendant Friend Family Health Center, Inc. ("Friend Family"), pursuant to Federal Rule of Civil Procedure 12(b) and brings this counterclaim against Plaintiff, Robert E. Taylor, for conversion, by stating as follows:

1.    Plaintiff was formerly employed by Defendant Friend Family as the Chief Executive Officer (CEO) and Chief Financial Officer (CFO).

2.    Upon hire, Friend Family offered, and Plaintiff accepted, a $100,000 annual salary. His offer letter also provided that he would be eligible for an annual incentive bonus, paid after the fiscal year, for $12,000 depending on Plaintiff's performance.

3.    Plaintiff edited his offer letter that had been provided to him on May 12, 2003 to provide him with an increase in annual salary to $112,000 effective May 15, 2003.

4.    Plaintiff gave himself this raise without approval from Friend Family's Board of Directors.

5.	This raise was in violation of Plaintiff's employment contract, which stated that the aforementioned amount was to be a bonus upon Plaintiff reaching certain performance goals indicated in his employment contract. Plaintiff did not reach these specific goals and therefore was not entitled to the bonus payment.

6.	Plaintiff wrongfully received a payment in the amount of $12,000 from Friend Family due to his unauthorized activities.

7.	Plaintiff received a payment from Friend Family in the amount of $12,000.

8.	Subsequently, while preparing Plaintiff's final paycheck, Friend Family discovered that Plaintiff had improperly increased his salary by $12,000 without Board approval and gave himself retroactive pay.

9.	Plaintiff's assumption of control over the $12,000 was unauthorized and wrongful.

10.	Friend Family has a right to the immediate possession of the $12,000, absolutely and unconditionally.

11.	Friend Family has demanded that Plaintiff repay the $12,000, and Plaintiff has refused.

**WHEREFORE**, Friend Family Health Center, Inc. is entitled to damages in the amount of $12,000, plus interest, and any other damages or other remedies this Court deems proper.

Respectfully submitted,

/s/ Michael A. Wilder
Michael A. Wilder (#6291053)

Paul E. Bateman (#6188371)
Michael A. Wilder (#6291053)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: May 6, 2008

## CERTIFICATE OF SERVICE

I, Michael A. Wilder, an attorney, certifies that he caused a copy of the foregoing **Defendants Amended Answer, Affirmative Defenses, and Counterclaim to Plaintiff's First Amended Complaint and Demand for Jury Trial** to be served upon the following attorneys of record electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing on **May 6, 2008**:

Elizabeth A. Coleman
Sara P. Leitenberger
Jenner & Block, L.L.P.
330 N. Wabash Avenue
Chicago, IL 60611-7603
(312) 923-2659
(312) 840-7659 (fax)

              /s/Michael A. Wilder         
              Michael A. Wilder