# EXHIBIT D

LEXSEE


Cited
As of: May 05, 2008

CARLA A. VALIDO, Plaintiff, v. SAMSUNG HEAVY INDUSTRIES CO., LTD. f/k/a SAMSUNG SHIPBUILDING & HEAVY INDUSTRIES CO. LTD., a Republic of Korea Corporation; SAMSUNG AMERICA, INC., a New York Corporation; SAMSUNG CONSTRUCTION EQUIPMENT COMPANY OF AMERICA, a division of Samsung America, Inc.; SAMSUNG GROUP, an unknown entity; CHANG IL KIM, individually; and HYERYUN PARK, individually, Defendants.

96 C 4699

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1997 U.S. Dist. LEXIS 1981

February 14, 1997, Decided
February 21, 1997, DOCKETED

**DISPOSITION:** [*1] Defendants' motion to dismiss Count V of Valido's First Amended Complaint as well as Defendants' motion to dismiss Count IV against Kim and Park granted. Defendants' motion to dismiss Valido's Counts I, II and III denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee filed an action against defendants, employer and co-employees, asserting various claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq. and Illinois state law arising out of the employer's termination of the employee's employment. Defendants filed a motion to dismiss the employee's claims. The employee voluntarily dismissed her claims against the co-employees.

**OVERVIEW:** The employee, who was hired as a secretary, alleged that once she told defendants that she was pregnant and notwithstanding her qualifications, she was ignored for a promotion and was denied benefits and considerations that were available to male and Asian employees. She alleged that after she announced her pregnancy, she was ordered to sit at her desk and do nothing but answer the telephone. She contended that this treatment caused a stressful and intolerable working environment. The employee also asserted a state tort claim for intentional infliction of emotional distress (IIED). The court denied defendants' motion to dismiss with respect to the employee's allegations that defendants discriminated against her based on race, national origin and/or sex in violation of Title VII. The court reasoned that (1) the claims were reasonably related to the allegations in the employee's Equal Employment Opportunity Commission charge and (2) the complaint adequately stated a Title VII claim based on the disparate impact of the employer's policies. The court granted defendants' motion to dismiss the IIED claim, ruling that the claim was preempted by the Illinois Human Rights Act.

**OUTCOME:** The court denied in part defendants' motion to dismiss the employee's claims for employment discrimination in violation of her civil rights and granted in part defendants' motion to dismiss the employee's state tort law claim for intentional infliction of emotional distress.

**CORE TERMS:** pregnancy, disparate impact, national origin, preempted, civil rights violation, discrimination claims, sex discrimination, disparate treatment, infliction, amend, sex, emotional distress, sexual harassment, discriminated, advancement, preemption, Compensation Act, right to sue, emotional distress, fail to comply, pleading requirements, valid claim, judicial action, fac-

Exhibit D

tual allegations, prima facie case, well-established, discriminatory, individually, inextricably, cognizable

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN1]When considering a motion to dismiss, the court examines the sufficiency of a complaint, not the merits of the lawsuit. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. A motion to dismiss is granted only if the court finds that the plaintiff can prove no set of facts that would entitle her to relief. On a motion to dismiss, the court draws all inferences and resolves all ambiguities in the plaintiff's favor and assumes that all well-pleaded facts are true.

*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*
*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview*
[HN2]In order to proceed with a judicial action, a plaintiff under Title VII of the Civil Rights Act of 1964 (Title VII) first must file a charge with the Equal Employment Opportunity Commission (EEOC) and must receive from the EEOC a "right to sue" letter. A corollary of this rule is that a Title VII plaintiff may not assert in a subsequent judicial action any acts of discrimination that were absent from, or unrelated to, the allegations of discrimination actually presented to the EEOC.

*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*
*Labor & Employment Law > U.S. Equal Employment Opportunity Commission > Enforcement > General Overview*
[HN3]The standard used by the United States District Court for the Northern District of Illinois to determine whether an Equal Employment Opportunity Commission (EEOC) charge encompasses the factual allegations supporting a claim under Title VII of the Civil Rights Act of 1964 is a liberal one in order to effectuate the remedial purpose of the antidiscrimination statutes. Accordingly, a plaintiff's discrimination claims need only be like or reasonably related to the allegations of the EEOC charge and growing out of such allegations.

*Labor & Employment Law > Discrimination > Disparate Impact > Employment Practices > Selection Procedures > General Overview*
*Labor & Employment Law > Discrimination > Disparate Impact > Proof > Statistical Evidence*
*Labor & Employment Law > Discrimination > Disparate Treatment > Proof > Statistical Evidence*
[HN4]Title VII of the Civil Rights Act of 1964 proscribes not only overt discrimination (disparate treatment) but also practices that are fair in form but discriminatory in practice (disparate impact). Discriminatory intent need not be proven under the disparate impact theory. Rather, to prove disparate impact, a plaintiff need only show that facially neutral policies or procedures adversely impact upon a protected group. A prima facie case of disparate impact discrimination can be established by statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotion because of their membership in a protected group.

*Civil Procedure > Pleading & Practice > Pleadings > Complaints > Requirements*
*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
[HN5]Fed. R. Civ. P. 8(a)(2) requires that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(e)(1) commands that each averment of a pleading shall be simple, concise, and direct. Taken together, these rules underscore the emphasis placed on clarity and brevity by the federal pleading rules. The primary purpose of these provisions is rooted in fair notice: a complaint must be presented with sufficient intelligibility that a court or opposing party can understand whether a valid claim is alleged, and if so, what it is.

*Labor & Employment Law > Discrimination > Disparate Impact > General Overview*
*Labor & Employment Law > Discrimination > Title VII of the Civil Rights Act of 1964 > General Overview*
[HN6]A plaintiff need not detail each and every fact and/or each and every piece of evidence supporting her claims for discrimination under Title VII of the Civil Rights Act of 1964. It is enough that the plaintiff has identified the nature of the defendants' asserted wrongdoing and has specified, in general terms, the policies and practices alleged to have had a disparate impact.

*Labor & Employment Law > Discrimination > Actionable Discrimination*

*Torts > Intentional Torts > Intentional Infliction of Emotional Distress > Defenses*
*Torts > Procedure > Preemption > General Overview*
[HN7]The Illinois Human Rights Act (IHRA) has an exclusivity (or preemption) provision, which provides that except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in the IHRA. 775 Ill. Comp. Stat. 5/8-111(c). When state common law tort claims are "inextricably linked" to allegations of discrimination, those claims are construed as charging civil rights violations under the IHRA.

*Labor & Employment Law > Discrimination > Actionable Discrimination*
*Torts > Intentional Torts > Intentional Infliction of Emotional Distress > General Overview*
*Torts > Procedure > Preemption > General Overview*
[HN8]The federal courts of the Northern District of Illinois routinely dismiss Illinois state tort claims, particularly intentional infliction of emotional distress claims, for lack of jurisdiction when brought in conjunction with allegations of a civil rights violation, concluding that such claims are "inextricably linked" to the underlying discrimination claim and thus preempted by the Illinois Human Rights Act.

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Coverage & Definitions > Pregnancy & Parental Rights*
*Labor & Employment Law > Discrimination > Harassment > Sexual Harassment > Federal & State Interrelationships*
*Torts > Procedure > Preemption > General Overview*
[HN9]The Pregnancy Discrimination Act brings discrimination based on pregnancy within a woman's protections against sex discrimination. Thus, because the Illinois Human Rights Act (IHRA) specifically provides that it is a civil rights violation for any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment, 775 Ill. Comp. Stat. 5/2-102(D), a plaintiff's pregnancy discrimination claim is a civil rights violation subject to IHRA preemption.

**COUNSEL:** For CARLA VALIDO, plaintiff: Michael L. Flynn, Michael L. Flynn, Esq. P.C., Downers Grove, IL. Torquil Roger Olson, Torquil R. Olson, P.C., Hinsdale, IL.

For SAMSUNG AMERICA, INC., a New York corporation, defendant: Peter J. Mone, Andrew John Boling, Baker & McKenzie, Chicago, IL. For SAMSUNG CONSTRUCTION EQUIPMENT COMPANY OF AMERICA, a division of Samsung America, Inc.; defendant: Peter J. Mone, (See above), Andrew John Boling, (See above). For CHANG IL KIM, individually, defendant: Peter J. Mone, (See above), Andrew John Boling, (See above). For HYERYUN PARK, individually, defendant: Peter J. Mone, (See above), Andrew John Boling, (See above).

**JUDGES:** GEORGE M. MAROVICH, UNITED STATES DISTRICT JUDGE

**OPINION BY:** GEORGE M. MAROVICH

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plaintiff Carla A. Valido ("Valido") filed this action against Defendants Samsung Heavy Industries Co. Ltd., Samsung America, Samsung Construction Equipment Company of America, Samsung Group (collectively [*2] "Samsung"), Chang Il Kim ("Kim"), and Hyeryun Park ("Park"), asserting various claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, as amended, and Illinois state law arising out of Samsung's termination of Valido's employment in June 1995. Specifically, Count I of Valido's First Amended Complaint alleges that Samsung discriminated against Valido on the basis of her race by denying Valido certain benefits, opportunities and/or considerations available to Asian national and Asian-American Samsung employees. Counts II, III and IV assert that Samsung similarly discriminated against Valido on the basis of her national origin, her sex, and her pregnancy respectively. Finally, Count IV of Valido's First Amended Complaint alleges that Samsung, Kim and Park intentionally inflicted emotional distress upon Valido by ostracizing, segregating, isolating and embarrassing her after Kim and Park learned that Valido was pregnant.

Defendants now move to dismiss Valido's claims. Defendants argue that (1) Counts I-III must be dismissed because the allegations of discrimination contained in those Counts were not contained in Valido's EEOC charge; (2) Count I-III fail [*3] to state cognizable claims for relief under Title VII, as they do not allege that Valido was replaced by a person of a different race, national origin, and/or gender; (3) Counts I-III fail to comply with the pleading requirements of Fed. R. Civ. P. 8(a); and (4) Valido's intentional infliction of emotional distress claim--Count V--is preempted by the Illinois Human Rights Act and/or the Illinois Workers Compensation Act. For the following reasons, the Court grants Defendants' motion as to Count V and denies Defendants' motion as to Counts I-III.

Page 3

## BACKGROUND

Valido, a Caucasian woman, was hired and employed by Samsung as a secretary on or about May 15, 1995. Sometime around the first week of June 1995, Valido claims that she informed Kim, a Samsung General Manager, and Park, a Samsung Manager, that she was pregnant. Valido asserts that her employment record at Samsung was "good and indicated a consistent pattern on behalf of [Valido] to improve herself and to establish her qualifications for advancement." (Amend. Compl. P 49) Indeed, Valido maintains that her "work record clearly indicates that [she] was qualified to be promoted" by Samsung. (Amend. Compl. P 50) Notwithstanding [*4] her qualifications and employment record, Valido was ignored for a promotion and purportedly was denied certain benefits and considerations that were made available by Samsung to male employees of Asian--specifically, Korean--descent. Valido further asserts that after informing Kim and Park of her pregnancy, she "was ordered to sit at her desk and do nothing except answer Park's telephone while Park was out of state"; according to Valido, this treatment caused a "stressful and intolerable working environment." (Amend. Compl. P 102) Valido's employment was terminated by Samsung on June 12, 1995--27 days after her hiring.

On November 1, 1995, Valido filed a complaint of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC"). In her complaint, Valido alleged that Defendants discriminated against her because of her race, national origin and/or sex by (1) discharging her because of her pregnancy; (2) paying her a lesser wage than that paid to Koreans or Korean-Americans performing substantially similar duties; (3) excluding her from various conversations; and (4) denying her various opportunities for advancement. On May 2, 1996, Valido received a "right [*5] to sue" letter from the EEOC.

On July 31, 1996, Valido filed the present suit. Originally, Valido filed a four-count Complaint seeking recovery under Title VII and 42 U.S.C. § 1981. In response to a motion to dismiss from Defendants, Valido filed an Amended Complaint in which she (1) removed her claims against Kim and Park individually, (2) withdrew her claim/s under 42 U.S.C. § 1981, (3) amended her request for damages under Title VII to comply with the statutory maximum of $ 300,000, and (4) added a claim for intentional infliction of emotional distress.

## DISCUSSION

### A. *Standards for Motions to Dismiss*

[HN1]When considering a motion to dismiss, the Court examines the sufficiency of the Complaint, not the merits of the lawsuit. *Triad Assocs. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989), cert. denied, 498 U.S. 845, 112 L. Ed. 2d 97, 111 S. Ct. 129 (1990). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974). A motion to dismiss will be granted only if the Court finds that the plaintiff [*6] can prove no set of facts that would entitle her to relief. *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir. 1993); *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). On a motion to dismiss, the Court draws all inferences and resolves all ambiguities in the plaintiff's favor and assumes that all well-pleaded facts are true. *Dimmig v. Wahl*, 983 F.2d 86, 86 (7th Cir.), cert. denied, 510 U.S. 861, 126 L. Ed. 2d 135, 114 S. Ct. 176 (1993).

### B. *Valido's Counts I-IV State Potentially Valid Claims For Relief Under Title VII*

Defendants seek dismissal of Valido's myriad Title VII claims on three separate grounds. Initially, Defendants assert that Valido's Counts I-III are impermissible because the allegations of discrimination contained in those counts are outside the scope of Valido's EEOC charge. It is well-established that [HN2]in order to proceed with a judicial action a Title VII plaintiff first must file a charge with the EEOC and must receive from the EEOC a "right to sue" letter. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). A corollary of this rule is that a Title VII plaintiff may not assert [*7] in a subsequent judicial action any acts of discrimination that were absent from, or unrelated to, the allegations of discrimination actually presented to the EEOC. *Id.*

[HN3]The standard used by this Court to determine whether an EEOC charge encompasses the factual allegations supporting a Title VII claim "is a liberal one in order to effectuate the remedial purpose of [the antidiscrimination statutes]." *Knight v. Entertainment Publications, Inc.*, 1995 U.S. Dist. LEXIS 14318, 1995 WL 583916, *2 (N.D. Ill. 1995) (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985)). Accordingly, Valido's discrimination claims need only be "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Egan v. Palos Community Hosp.*, 889 F. Supp. 331, 337 (N.D. Ill. 1995) (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)(en banc)).

The Court concludes that Valido's various Title VII claims are, in fact, reasonably related to the allegations contained in her EEOC charge. Although her statements to the EEOC are rather cursory, they did notify both the EEOC and Defendants of Valido's claims that Defendants discharged [*8] her, paid her a lesser wage and/or

denied her opportunities for advancement because of her race, her national origin, her sex and/or her pregnancy. In short, in her EEOC charge, Valido stated "in laymen's language the 'unfair thing that happened.'" *Jako v. Aegis Services, Ltd.*, 1995 U.S. Dist. LEXIS 14072, No. 91 C 4122, 1995 WL 573439, *2 (N.D. Ill. 1995) (citing *Jenkins*, 538 F.2d at 168).¹ The Court thus concludes that Valido's Counts I-III are reasonably related to, or grow out of, the allegations of discrimination contained in her 1995 EEOC charge.

> 1  In their brief, the defendants cite to *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497 (7th Cir. 1994) in support of their position that Valido's claim of sexual discrimination is not within the scope of her EEOC complaint. However, *Cheek* was a case that decided, as several cases had before it, that a claim of sex discrimination is not reasonably related to a charge of sexual harassment. In fact, in *Cheek*, the court cites *Baltzer v. City of Sun Prairie/Police Dept.*, 725 F. Supp. 1008 (W.D. Wis. 1989) which analogies the situation that a charge of pregnancy discrimination is not reasonably related to a charge of sexual harassment in the same way a charge of sex discrimination is not reasonably related to it. *Baltzer*, 725 F. Supp. At 1019.

[*9] Defendants next argue that Valido's race, sex, and national origin discrimination claims must fail because Valido does not, and cannot, allege facts sufficient to establish a prima facie case of "disparate treatment". Yet, while Defendants may be correct that Valido has not adequately plead a disparate treatment claim, such was not Valido's objective. Instead, Valido purports in Counts I-III to state a claim for "disparate impact" discrimination.

[HN4]Title VII proscribes "not only overt discrimination (disparate treatment) but also practices that are fair in form but discriminatory in practice (disparate impact)." *EEOC v. Switching Sys. Div. of Rockwell Int'l Corp.*, 783 F. Supp. 369, 373 (N.D. Ill. 1992). Discriminatory intent need not be proven under the disparate impact theory. *Gilty v. Village of Oak Park*, 919 F.2d 1247, 1253 (7th Cir. 1990). Rather, to prove disparate impact, Valido need only show that facially neutral policies or procedures adversely impact upon a protected group. A prima facie case of disparate impact discrimination can be established by "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion [*10] of applicants for jobs or promotion because of their membership in a protected group." *Vitug v. Multistate Tax Commission*, 88 F.3d 506, 513 (7th Cir. 1996)(citing *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977, 101 L. Ed. 2d 827, 108 S. Ct. 2777 (1988)); *see also New York City Transit Auth. v. Beazer*, 440 U.S. 568, 59 L. Ed. 2d 587, 99 S. Ct. 1355 (1979).

Here, Valido repeatedly alleges that Defendants' methods of, and standards for, hiring, training, retaining, promoting, terminating, and setting wages and benefits for employees had the effect of denying certain benefits and/or employment opportunities to non-Asian, non-Korean, and/or female Samsung employees. These allegations, while likely to be extremely difficult to prove, are sufficient to state a potentially viable cause of action under Title VII for disparate impact.

Finally, Defendants argue that Valido's Counts I-III fail to comply with the liberal pleading requirements of Fed.R. Civ. P. 8. [HN5]Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) commands that "each averment of a pleading shall be simple, concise, and [*11] direct." Taken together, these rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 (2d ed. 1990)(as quoted in *Ellis v. Neeley*, 1995 U.S. Dist. LEXIS 879, 1995 WL 32632, at *2 (N.D. Ill. Jan. 26, 1995)). As aptly explained by Judge Grady, "The primary purpose of these provisions is rooted in fair notice: a complaint must be presented with sufficient intelligibility that a court or opposing party can understand whether a valid claim is alleged and if so what it is." *Ellis*, 1995 U.S. Dist. LEXIS 879, 1995 WL 32632, at *2; *see also Vicom, Inc. v. Harbridge Merchant Servs. Inc.*, 20 F.3d 771, 775 (7th Cir. 1994); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

Here, while Valido's allegations of discrimination certainly are brief and often are conclusory, these allegations adequately apprise Defendants of the basic parameters of Valido's various Title VII claims. [HN6]Valido need not detail each and every fact and/or each and every piece of evidence supporting its claims; it is enough that Valido has identified the nature of Defendants' asserted wrongdoing and has specified, in general terms, the policies [*12] and practices alleged to have had a disparate impact. *See American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 723 (7th Cir. 1986); *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).

As Valido adequately has pled legally cognizable, Title VII claims for race, national origin, and/or sex discrimination, Defendants' motion to dismiss Valido's Counts I-III is denied.²

> 2  Although Defendants do not dispute that Valido's Count IV claim for pregnancy discrimi-

nation is within the scope of Valido's EEOC charge, sets forth a potentially valid disparate treatment claim, and satisfies the requirements of Rule 8, Defendants do seek dismissal of Count IV because it seeks recovery from Kim and Park individually. Recognizing the soundness of Defendants' position, Valido states in her brief that Count IV's caption should have read "Discrimination In Employment Against all Defendants Except Kim and Park." Rather than require Valido to submit a Second Amended Complaint correcting this mistake, the Court treats Valido's statement as a motion to amend Count IV. That motion is granted; Defendants Kim and Park are dismissed from Count IV.

[*13] C. *Valido's Intentional Infliction Of Emotional Distress Claim Is Preempted*

Defendants contend that Valido's Count V claim for intentional infliction of emotional distress ("IIED") is preempted by [HN7]the Illinois Human Rights Act ("IHRA"). The IHRA has an exclusivity (or preemption) provision which provides: "Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(c). In *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 639 N.E.2d 1273, 1277-78, 203 Ill. Dec. 454 (1994), the Illinois Supreme Court held that when state common law tort claims are "inextricably linked" to allegations of discrimination, those claims will be construed as charging civil rights violations under the IHRA. As recently noted by Judge Alesia:

> The holding in *Geise* has been interpreted rather broadly by the judges in this district. Indeed, [HN8]the courts of the Northern District of Illinois are routinely dismissing Illinois state tort claims--particularly IIED claims--for lack of jurisdiction when brought in conjunction with allegations of a civil rights [*14] violation, concluding that such claims are "inextricably linked" to the underlying discrimination claim and thus preempted by the IHRA.

*Daulo v. Commonwealth Edison*, 938 F. Supp. 1388, 1404 (N.D. Ill. 1996); see also *Hannigan-Haas v. Bankers Life & Cas. Co.*, 1996 U.S. Dist. LEXIS 3618, 1996 WL 139402, at *3 (N.D. Ill. 1996).[3]

3  It is well-established that [HN9]"the Pregnancy Discrimination Act brought discrimination based on pregnancy within a woman's protections against sex discrimination." *Pasha Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1997 WL 16284, at *10 (7th Cir. Jan. 17, 1997). Thus, because the IHRA specifically provides that it is a "civil rights violation" for "any employer, employee, agent of any employer, employment agency or labor organization to engage in sexual harassment," 775 ILCS 5/2-102(D), Valido's pregnancy discrimination claim is a civil rights violation subject to IHRA preemption.

In this case, Valido's IIED count merely repeats the factual allegations that form the [*15] basis of her Title VII, pregnancy discrimination claim--no additional facts are alleged in support of the IIED claim. Thus, as in *Geise*, *Daulo*, and a host of other cases in this district, Valido asserts no independent basis for imposed IIED liability on Defendants. Valido's IIED claim is therefore preempted by the IHRA.[4]

4  Because the Court concludes that Valido's IIED claim is preempted by the IHRA, the Court need not, and does not, address Defendants' argument as to the preemptive effect of the Illinois Workers Compensation Act.

It should also be noted that, preemption issues aside, the Court is not convinced that the conduct complained of by Valido--being made to answer Park's phone and being reprimanded for aiding other employees--qualifies as "extreme and outrageous" conduct that "goes beyond all possible bounds of decency" such that it could support an IIED claim. See *Daulo*, 938 F. Supp. at 1405 n.23; *Kelly v. Franco*, 72 Ill. App. 3d 642, 391 N.E.2d 54, 28 Ill. Dec. 855 (1979).

*CONCLUSION*

[*16] For the foregoing reasons, the Court grants Defendants' motion to dismiss Count V of Valido's First Amended Complaint as well as Defendants' motion to dismiss Count IV against Kim and Park. The Court denies Defendants' motion to dismiss Valido's Counts I, II and III.

ENTER:

GEORGE M. MAROVICH

UNITED STATES DISTRICT JUDGE

DATED: February 14, 1997