IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT E. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 C 6558 |
| | ) | |
| FRIEND FAMILY HEALTH CENTER, INC., | ) | Honorable Judge John W. Darrah |
| a corporation, and | ) | |
| | ) | |
| REV. HENRY BARLOW, | ) | Magistrate Judge Denlow |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF ROBERT E. TAYLOR'S
ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM**

Plaintiff, Robert E. Taylor (hereinafter "Taylor" or "Plaintiff"), by and through his attorneys, Jenner & Block, LLP, submits his Answer to Defendants' Amended Answer, Affirmative Defenses, and Counterclaim to Plaintiff's First Amended Complaint and Demand for Jury Trial (hereinafter "Counterclaim"). Taylor states as follows:

1. Plaintiff was formerly employed by Defendant Friend Family as the Chief Executive Officer (CEO) and Chief Financial Officer (CFO).

**ANSWER:** Plaintiff admits that he was formerly employed by Defendant Friend Family Health Center (hereinafter "FFHC") as Chief Executive Officer (CEO). Moreover, Plaintiff admits that while working at FFHC, he performed the duties traditionally associated with both the positions of Chief Executive Officer (CEO) and of Chief Financial Officer (CFO) at FFHC. Plaintiff denies any and all remaining allegations in Paragraph 1 of Defendants' Counterclaim.

2.      Upon hire, Friend Family offered, and Plaintiff accepted, a $100,000 annual salary.  His offer letter also provided that he would be eligible for an annual incentive bonus, paid after the fiscal year, for $12,000 depending on Plaintiff's performance.

**ANSWER:**    Plaintiff admits that he received an employment offer letter from FFHC, and that the final version of the offer letter, which he accepted prior to employment, provided for a $100,000 annual base salary and a $12,000 annual incentive bonus for his first year of employment, depending on Plaintiff's performance.  Plaintiff further admits that the final version of the offer letter provided for a $112,000 annual base salary and a $12,000 annual incentive bonus for his second year of employment, depending on Plaintiff's performance.  Plaintiff denies any and all remaining allegations in Paragraph 2 of Defendants' Counterclaim.

3.      Plaintiff edited his offer letter that had been provided to him on May 12, 2003 to provide him with an increase in annual salary to $12,000 effective May 15, 2003.

**ANSWER:**    Plaintiff denies each and every allegation in Paragraph 3 of Defendants' Counterclaim.

4.      Plaintiff gave himself this raise without approval from Friend Family's Board of Directors.

**ANSWER:**    Plaintiff denies each and every allegation in Paragraph 4 of the Defendants' Counterclaim.

5.      This raise was in violation of Plaintiff's employment contract, which stated that the aforementioned amount was to be a bonus upon Plaintiff reaching certain performance goals indicated in his employment contract.  Plaintiff did not reach these specific goals and therefore was not entitled to the bonus payment.

**ANSWER:**    Plaintiff denies each and every allegation in Paragraph 5 of Defendants' Counterclaim.

6.      Plaintiff wrongfully received a payment in the amount of $12,000 from Friend Family due to his unauthorized activities.

**ANSWER:**    Plaintiff denies each and every allegation in Paragraph 6 of the Defendants' Counterclaim.

7. Plaintiff received a payment from Friend Family in the amount of $12,000.

**ANSWER:** Plaintiff denies each and every allegation in Paragraph 7 of the Defendants' Counterclaim.

8. Subsequently, while preparing Plaintiff's final paycheck, Friend Family discovered that Plaintiff had improperly increased his salary by $12,000 without Board approval and gave himself retroactive pay.

**ANSWER:** Plaintiff denies each and every allegation in Paragraph 8 of the Defendants' Counterclaim.

9. Plaintiff's assumption of control over the $12,000 was unauthorized and wrongful.

**ANSWER:** Plaintiff denies each and every allegation in Paragraph 9 of the Defendants' Counterclaim.

10. Friend Family has a right to the immediate possession of the $12,000, absolutely and unconditionally.

**ANSWER:** Plaintiff denies each and every allegation in Paragraph 10 of the Defendants' Counterclaim.

11. Friend Family has demanded that Plaintiff repay the $12,000, and Plaintiff has refused.

**ANSWER:** Plaintiff admits that FFHC has falsely accused him of improperly taking previously unnamed sums of money from FFHC. Plaintiff denies any and all remaining allegations in Paragraph 11 of the Defendants' Counterclaim.

**WHEREFORE,** Friend Family Health Center, Inc. is entitled to damages in the amount of $12,000, plus interest, and any other damages or other remedies this Court deems proper.

To the extent an answer is required, Plaintiff denies that FFHC is entitled to any damages whatsoever in any amount or to any other legal or equitable remedies.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff Robert Taylor has full title and right to the property at issue based on the final terms of his employment contract with FFHC.

### Second Affirmative Defense

Defendant FFHC's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches and unclean hands.

### Third Affirmative Defense

Defendant FFHC fully consented to the payment of the money at issue.

### Fourth Affirmative Defense

The statute of limitations has run on Defendant FFHC's claim of conversion, since the statute began running when FFHC knew or should have known of the alleged conversion.

### Fifth Affirmative Defense

Plaintiff reserves the right to amend its Answer to Defendants' Counterclaims and to raise any additional defenses that may become available during the discovery process.

**WHEREFORE,** Plaintiff Robert E. Taylor denies that Friend Family Health Center, Inc. is entitled to judgment or damages in the amount of $12,000, plus interest, or any other damages whatsoever. Moreover, Plaintiff submits that the Counterclaim should be dismissed in its entirety on the merits and with prejudice and that Plaintiff should be awarded the costs of defending this counterclaim, reasonable attorneys' fees, and any other legal or equitable relief the Court deems proper.

          Respectfully submitted,

          ROBERT E. TAYLOR,

Dated:  May 27, 2008

          By:    s/ Elizabeth Coleman
                One of His Attorneys

Elizabeth Coleman (*IARDC # 6236597*)
Sara P. Leitenberger (*IARDC # 6293214*)
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, Illinois  60611
Telephone (312) 923-2659
Facsimile:  (312) 840-7659

## **CERTIFICATION OF SERVICE**

      I hereby certify that on Tuesday, May 27, 2008, I electronically filed the foregoing Plaintiff Robert E. Taylor's Answer to Defendants' Counterclaim with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Paul E. Bateman
Michael A. Wilder
LITTLER & MENDELSON, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601

 

                                                         s/ Sara P. Leitenberger
                                                         Sara P. Leitenberger
                                                         IARDC # 6293214
                                                         JENNER & BLOCK LLP
                                                         330 N. Wabash Avenue
                                                         Chicago, Illinois  60611
                                                         Telephone (312) 923-2659
                                                         Facsimile:  (312) 840-7659