IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. TAYLOR,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**FRIEND FAMILY HEALTH CENTER, INC.,** a corporation, and<br><br>**REV. HENRY BARLOW,**<br>an individual,<br>    **Defendants.** | No.  07 CV 6558<br><br>Judge John W. Darrah<br><br>Magistrate Judge Morton Denlow |

**DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION TO DISMISS COUNTS II AND III OF
<u>PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)</u>**

**I. INTRODUCTION**

Defendants Friend Family Health Center, Inc. ("Friend Family") and Reverend Henry Barlow ("Reverend Barlow") (collectively the "Defendants"), moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts II and III of Plaintiff Robert Taylor's ("Plaintiff") Amended Complaint, in which he purports to allege intentional infliction of emotional distress ("IIED"). Defendants established that Plaintiff's IIED claims must be dismissed because they are preempted by the Illinois Human Rights Act ("IHRA") and because the alleged conduct was not extreme and outrageous as a matter of law.

Plaintiff's response fails to provide legal authority to rebut Defendants' motion. Because Plaintiff has not presented any legal or factual basis to show that he can state claims of IIED, the Court should grant Defendants' motion and dismiss Counts II and III of Plaintiff's Amended Complaint.

II. **COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(B)(6)**

   A. **Twombly Has "Re-tooled" Federal Pleading Standards**

In *Twombly*, the Supreme Court clarified that a complaint must meet two criteria in order to satisfy Rule 8(a)(2) of the Federal Rules of Civil Procedure: (1) the complaint must provide sufficient detail such that the defendant has fair notice of the claim and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest, beyond a speculative level, that the plaintiff has a right to relief. *Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The Seventh Circuit and its constituent courts have recognized that *Twombly* has "re-tooled" the federal pleading standards. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618-19 (7th Cir. 2007); *EEOC v. McIntyre Group, Ltd.*, 2007 U.S. Dist. LEXIS 90847 (N.D. Ill. Dec. 11, 2007). While *Twombly* does not impose "traditional fact pleading"-- and, contrary to Plaintiff's Response, Defendants have not argued as such -- *Twombly* does require a complaint to contain "enough facts to state a claim that is plausible on its face." *Killingsworth*, 507 F.3d at 618-19. Thus, a complaint should be dismissed if the factual detail is so "sketchy" that it does not provide the requisite notice to the defendant. *Id.* at 619. As described below, Plaintiff's Amended Complaint does not satisfy the *Twombly* test.

   B. **Plaintiff's IIED Claims are Preempted by the IHRA**

Plaintiff argues in his response that his IIED claims are not preempted by the IHRA for two reasons: (1) *Geise* has allegedly been "significantly narrowed" by subsequent case law; and (2) Plaintiff has sufficiently pled facts in his Amended Complaint. Both of Plaintiff's arguments are without merit.

First, contrary to Plaintiff's assertions, *Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill.2d 507 (Ill. 1994), has not been significantly narrowed by subsequent case law, and, in any event,

even a narrow interpretation of the preemption doctrine dooms Plaintiff's case. To support Plaintiff's argument, he cites to a laundry list of Illinois federal and state cases where preemption was not allowed by the court, hoping to portray a favorable "current" trend in case law. However, Plaintiff fails to note that each of these cases had one common theme: an underlying <u>sexual harassment claim</u>. Where a plaintiff has brought an IIED claim <u>and</u> an underlying sexual harassment claim, some, but not all courts, have recently found that the IIED claim is not preempted by the IHRA. *See Bruce*, 2001 WL 789225, at *4 ("[o]ur independent survey of the current case law indicates that claims for [IIED] are generally not preempted by the IHRA where there is an underlying <u>sexual harassment claim</u>.)" (emphasis added). Almost all of the cases cited by Plaintiff involve an IIED claim coupled with an underlying sexual harassment claim.[1] (*See* Plaintiff's Response Brief, pp. 4-5). Even still, not all courts have accepted this argument. *See Mims v. General Security Services Corp.*, 2004 U.S. Dist. LEXIS 10926, at *9 (N.D. Ill. Jun. 16, 2004) (dismissing IIED claim because it was inextricably linked to her claim of sexual harassment); *Thomas v. The Habitat Co.*, 213 F.Supp.2d 887, 898 (N.D. Ill. 2002). Thus, some, but certainly not all courts, may allow independent tort claims to continue in instances where there is an underlying sexual harassment claim.

In this case, however, Plaintiff has not made a claim for sexual harassment in his Amended Complainant. Plaintiff's only claim is for retaliation. Therefore, not only is this case distinguishable from the cases cited by Plaintiff, but the circumstances of this case do not fit within any "current" trend.

Additionally, Plaintiff cannot overcome the vast case law dismissing IIED claims as

---

[1] *Spahn v. Int'l Quality & Productivity Center*, 211 F. Supp. 2d 1072 (N.D. Ill. 2002) (underlying sexual harassment claim); *Maksimovic v. Tsogalis*, 177 Ill.2d 511 (1997) (same); *Rapier v. Ford Motor Co.*, 49. F. Supp. 2d 1078 (N.D. Ill. 1999) (same); *Scott-Riley v. Mullilns Food Prods.*, No. 04 C 1368, 2004 WL 1557817 (N.D. Ill. July 7, 2004) (same); *Bruce v. South Stickney Sanitary Dist.*, No. 01 C 3578, 2001 WL 789225 (N.D. Ill. July 12, 2001) (same); *Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027 (Ill. Ct. App. 1999) (same).

preempted by the IHRA on Rule 12(b)(6) motions, where such claims are brought in connection with or wholly dependent on civil rights allegations. *Packard v. TCF Nat'l Bank*, 2005 U.S. Dist. LEXIS 11744, at *5 (N.D. Ill. May 31, 2005); *Valido v. Samsung Heavy Industries Co., Ltd.*, 1997 U.S. Dist. LEXIS 1981, at *13-15 (N.D. Ill. Feb. 14, 1997); *Mims*, 2004 U.S. Dist. LEXIS 10926, at *9; *Thomas*, 213 F. Supp. 2d 887, 898.

Second, contrary to Plaintiff's claim, Plaintiff has raised no substantive arguments to contravene Defendants' well-founded contention that Plaintiff's IIED claims are premised entirely on alleged actions which are discriminatory under the IHRA. Plaintiff's denial of an inextricable link between his IIED claims and his civil rights claim defies logic. Despite the long line of authority within the Seventh Circuit and this district dismissing tort claims as preempted when brought in connection with or wholly dependent on civil rights violations, Plaintiff claims that even without reference to the IHRA, his IIED claim can stand alone. Yet, Plaintiff cites no case in which a count supported a claim for IIED on conduct similar to that alleged by Plaintiff independent of the IHRA. However, in pleading his IIED claim, Plaintiff relied on the same facts upon which he based his civil rights claim. Specifically, Plaintiff's IIED claims "repeat[ ] and reallege[ ] Paragraphs 1 through 56 [of the Amended Complaint] . . . as if fully set forth herein," and "Paragraphs 1 through 65 [of the Amended Complaint] . . . as if fully set forth herein." (Plaintiff's Amended Complaint at ¶¶ 57, 66). Specifically, Plaintiff's IIED claims repeat the same allegations contained in Paragraphs 49-51 of the Amended Complaint. These paragraphs include allegations of discriminatory acts during and after Plaintiff's employment, and covered by the IHRA. Thus, Plaintiff's unsupported post-termination arguments must fail. Where a plaintiff has merely repeated and/or realleged allegations forming the basis for their Title VII claims, courts have held the IIED claims to be preempted by the IHRA. *See Stansberry*

*v. Uhlich Children's Home*, 264 F. Supp. 2d 681, 690 (N.D. Ill. 2003); *Wiginton v. CB Richard Ellis, Inc.*, 2003 U.S. Dist. LEXIS 7621, at *13 (N.D. Ill. May 5, 2003).

Based on Plaintiff's Amended Complaint, absent Defendants' alleged discriminatory action, Plaintiff would not have had claims of IIED. Therefore, Plaintiff's retaliation claim is not "merely incidental" to the IIED claims, but rather, is at the core of his theory. *See Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999); *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). As a result, Plaintiff's IIED claim should be dismissed as preempted by the IHRA.

### C.   Plaintiff Fails to State a Cause of Action for Intentional Infliction of Emotional Distress

In his response, Plaintiff fails to address Defendants' argument with respect to the Seventh Circuit's holding that even with liberal notice pleading standards, a plaintiff must show that a defendant's actions were objectively outrageous and the harm caused was very severe in order to survive a motion to dismiss. (*See* Opening Memorandum at 5).

Moreover, Plaintiff admits in his response that routine employment decisions do not support a cause of action for IIED. (Response Brief at 7). Plaintiff's IIED claims are based on stress stemming from employment decisions, which are not actionable. *Maddie v. Siebel Systems, Inc.*, 2004 U.S. Dist. LEXIS 22511, at *17 (N.D. Ill. Nov. 5, 2004). In addition, Plaintiff's reliance on *Graham v. Commonwealth Edison, Co.*, 318 Ill. App. 3d 736 (Ill. Ct. App. 2000), does not counter *Packard v. TCF Nat'l Bank*, No. 04 C 5130, 2005 U.S. Dist. LEXIS 11744 (N.D. Ill. May 31, 2005), dismissing an IIED claim, where, as in this case, plaintiff based his civil rights charge upon the depths of a sham investigation. In fact, Plaintiff failed to even counter Defendants' reliance on this case.

Plaintiff also relies upon *Kamberos v. Infiniti of Orland Park, Inc.*, No. 02 C 3000, 2002

WL 31248538, at *2-3 (N.D. Ill. Oct. 4, 2002), but this case is distinguishable from the case at hand as well. In *Kamberos*, the court found daily psychologically abusive tirades in front of coworkers to be sufficiently extreme and outrageous. *Id*. Here, however, Plaintiff has not alleged that he was subjected to daily and continual psychologically debilitating conduct. Thus, *Kamberos* is inapposite. *See Davis v. City of Chicago*, No. 02 C 3000, 2004 WL 728215, *6 (N.D. Ill. Oct. 4, 2002) (finding that plaintiff failed to state a claim for IIED where conduct was not characterized as consistent or ongoing). Likewise, Plaintiff's reliance on *Kassem v. Wash. Hosp. Cntr.*, 513 F.3d 251 (D.C. Cir. 2008), is misplaced. First, *Kassem* was a claim for IIED under District of Columbia law. Second, in *Kassem*, the court concluded that Plaintiff had stated a claim <u>specifically</u> because he alleged that the defendant had made a false report to government authorities that could have subjected plaintiff to criminal penalties. *Id*. at 256. Plaintiff has made no such allegations here.

### III.   CONCLUSION

For all of the foregoing reasons, this Court should grant Defendants' Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint with prejudice, and award Defendants all such other relief as this Court deems necessary and appropriate.

Respectfully submitted,

/s/ Michael A. Wilder
Michael A. Wilder (#6291053)

Paul E. Bateman (#6188371)
Michael A. Wilder (#6291053)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601

6

312.372.5520

Dated: June 16, 2008

## CERTIFICATE OF SERVICE

I, **Michael A. Wilder**, an attorney, certifies that he caused a copy of the foregoing **Defendants' Reply in Support of its Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6)** to be served upon the following attorneys of record electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing on **June 16, 2008**:

Elizabeth A. Coleman
Sara P. Leitenberger
Jenner & Block, L.L.P.
330 N. Wabash Avenue
Chicago, IL 60611-7603
(312) 923-2659
(312) 840-7659 (fax)

                                                /s/Michael A. Wilder
                                                  Michael A. Wilder

Firmwide:85554638.1 038220.1008