

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. TAYLOR, | ) |
| Plaintiff, | ) No. 07 CV 6558 |
| v. | ) |
| FRIEND FAMILY HEALTH CENTER, INC. and HENRY BARLOW, | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Robert E. Taylor ("Taylor"), filed suit against Defendants, Friend Family Health Center, Inc. ("FFHC") and Reverend Henry Barlow ("Barlow"), alleging discriminatory and retaliatory acts in violation of 42 U.S.C. § 2000e, et seq. ("Title VII") and Intentional Infliction of Emotional Distress ("IIED"). Now before the Court is Defendants' Motion to Dismiss under Federal Rule 12(b)(6).

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

FFHC is a not-for-profit corporation with its primary place of business in Illinois. Taylor was an employee of FFHC beginning in May 2002; he served as CEO and CFO of FFHC. Barlow is the Chairman of the Board for FFHC.

On December 22, 2003, Carol Sissac ("Sissac"), an employee of FFHC under the supervision of Taylor, reported an incident to Taylor in which Barlow had sexually harassed her. The following day, Sissac reported to Taylor further sexual harassment by Barlow. Taylor called Thomas Jones ("Jones"), the Vice- Chairman of the Board for

FFHC and Chairman of the Human Resources Committee, and reported Sissac's allegations. Taylor attempted to contact the other members of the Board but had limited success because of the holiday season. Shortly after Taylor reported Sissac's allegations to Jones, Barlow learned of them. Barlow was angered by Taylor's report, and on January 14, 2004, he stated, "Never had my name been dragged in the mud in my entire life until I associated with FFHC, and you will pay for not protecting me and my name."

FFHC has a "no tolerance for sexual harassment policy," which requires that FFHC investigate any complaint of sexual harassment or retaliation and make a written report of it. Between December 2003 and March 2004, Taylor repeatedly requested that FFHC's Board investigate Sissac's claims. In January 2004, when Taylor attempted to arrange for a third-party investigation of Sissac's claims, Barlow frustrated his efforts by refusing to authorize payment for such an investigation. In April 2004, FFHC's Board finally investigated Sissac's claims.

In January 2004, angered by Taylor's support of Sissac, Barlow attempted to have Taylor fired. At a FFHC Board meeting on January 28, 2004, Barlow moved, unsuccessfully, for the immediate termination of Taylor. Barlow also recruited former employees who had previously been terminated by Taylor to attend that January 28 meeting and air their grievances against Taylor. Additionally, Barlow approved the rehiring of Michelle Ewing, a previously terminated FFHC employee, in exchange for her making negative comments about Taylor to FFHC's Board. On January 29, 2004, Reverend Thomas Varughese, a longtime friend of Barlow, called Taylor to pressure him to drop his support of Sissac's allegations and suggested that smoothing the situation with Barlow would help ensure that Taylor kept his job with FFHC. On

2

February 12, 2004, Taylor arrived at work and found that his office door was covered with marks, indicating that the door had been pried open. The nature of the security at FFHC is such that someone with access to FFHC must have broken the lock on Taylor's door. Taylor found that many items from his office were missing, including his signed employment agreement, personnel records, audio cassette recordings of Board meetings and various other company documents, both hardcopy and electronic. Taylor made a police report of this incident. On February 20, 2004, Taylor gave a memo to FFHC's Board of Directors formally informing them of Barlow's retaliation and outlined Barlow's attempts to "intimidate and retaliate" for Taylor's "involvement in claims against him [Barlow]."

On March 3, 2004, Barlow, Jones, and Board Secretary Leticia Ransom held a meeting and terminated Taylor. Taylor was not given a reason for his termination at this time. In April 2004, FFHC's Board fired account manager James Obese after he provided a statement to the FFHC investigator confirming Barlow's retaliation against Taylor. In May 2004, shortly after the close of the investigation on her case, FFHC fired Sissac, the alleged victim of the sexual harassment. FFHC gave poor references to Taylor's potential new employers. From November 2006 to the present, Taylor applied to various potential employers. When these employers called FFHC for references they made outrageous and false accusations against Taylor, including that he had committed felonies and misdemeanors and engaged in unethical and inappropriate sexual behavior. Because of these false statements, Taylor has still not been able to find gainful employment. Taylor has suffered a financial collapse, including foreclosure on his house as a result of FFHC's behavior. The stress proximately caused by the actions of Barlow

and FFHC has resulted in Taylor suffering from a variety of physical and emotional problems, such as severe anxiety, nausea, headaches, depression, sleepless nights, lack of trust, fear, and fatigue.

Taylor filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 3, 2004. Taylor received a Right-to-sue letter from the EEOC on August 23, 2007; Taylor then filed his Complaint against FFHC and Barlow on November 20, 2007.

## ANALYSIS

In ruling on a motion to dismiss for failure to state a claim under which relief can be granted under Federal Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the non-moving party. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In order to meet 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [.]'" *Bell Atlantic Corp. v. Twombly*, __U.S.__, __, 127 S. Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv. Inc.*, 496 F. 3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14).

The Defendants first assert that Taylor's claim for IIED, listed in Counts II and III of his Amended Complaint, should be dismissed as they are preempted by the Illinois Human Rights Act ("IHRA"). Taylor was not the recipient of any sexual harassment, and his retaliation claim is based on his reporting of sexual harassment against Sissac. Therefore, it must be determined whether Taylor's Complaint alleges facts that are would sustain claims of IIED without the retaliation element. Whether or not a tort claim is preempted by the IHRA turns on whether the Plaintiff can establish the necessary elements of the claim independent of its nature as a civil rights violation; if the Plaintiff can establish the elements of the claim without reference to any duties created by the IHRA, then the claim is not preempted by the IHRA. *Masomic v. Tagolis*, 177 Ill.2d 511, 517 (Ill. 1997). *See Naem v. McKesson Drug Company*, 444 F.3d 593, 604 (7th Cir. 2006); *Krocka v. City of Chicago*, 203 F.2d 507, 516 (7th Cir. 2000). Taylor's Complaint pleads the same set of facts for both claims; however, the IIED claim can stand without reference to any duties created by the IHRA. Although the alleged actions taken by Barlow and FFHC were in retaliation for Taylor reporting a sexual harassment claim of an employee, they would still plausibly form the elements of an IIED claim regardless of the motivation and connection to the sexual harassment claims. Therefore, Taylor's IIED claims are not preempted by the IHRA.

The Defendants also allege that Taylor's Complaint does not properly state a claim for IIED as it alleges conduct that occurs in the normal course of employment. The Illinois Supreme Court has identified three elements necessary for sustaining an IIED claim: "First, the conduct involved must be truly extreme and outrageous. Second, the actor must either *intend* that his conduct inflict severe emotional distress, or know that

5

there is at least a high probability that his conduct will cause severe emotional distress. Third, the conduct must in fact cause *severe* emotional distress." *McGrath v. Fahey*, 126 Ill.2d 78, 86 (Ill. 1988) (*McGrath*) (emphasis in original). As the Defendants correctly state, IIED does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *McGrath*, 126 Ill.2d at 86 (Ill. 1988). However, in *McGrath*, the court recognizes that the outrageousness of threats differs depending on the person who is making them and recognizes that threats are more likely to be a part of outrageous conduct when the person who is making them is in a position of authority. *McGrath*, 126 Ill.2d at 86 (Ill. 1988). IIED has been found to occur where the employer "clearly abuses the power it holds over an employee in a manner far more severe than typical disagreements or job-related stress caused by the typical work environment. *Honaker v. Smith*, 256 F.3d 477, 491 (7th Cir. 2001). Here, the threats made by Barlow are just part of the alleged conduct that makes up Taylor's IIED claim; there also is the burglary of his office, his termination and false statements made to prospective employers by Barlow and FFHC. The alleged conduct of Barlow and FFHC extends well beyond typical workplace disagreements and conduct. Taylor has sufficiently pleaded the elements of an IIED claim in order to withstand a motion to dismiss.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule 12(b)(6) is denied.

Dated: August 12, 2008

JOHN W. DARRAH
United States District Court Judge

6